(No. 51671

THE ILLINOIS STATE CHAMBER OF COMMERCE *et al.*, Appellees, v. THE POLLUTION CONTROL BOARD, Appellant.

*Opinion filed December 3, 1979.*

William J. Scott, Attorney General, of Springfield (George Wm. Wolff and John T. Bernbom, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Richard J. Kissel and Jeffrey C. Fort, of Martin, Craig, Chester & Sonnenschein, of Chicago, for appellee Illinois State Chamber of Commerce.

Sheldon A. Zabel, of Schiff, Hardin & Waite, of Chicago, for appellee City of Rochelle.

Paul Roge, of North Chicago, for appellee Abbott Laboratories.

Ken Vanderleest and Terry Dobbins, of Peoria, for appellee Caterpillar Tractor Co.

Harvey M. Sheldon and Ronald L. Lipinski, of Nisen, Elliott & Meier, of Chicago, for appellee Village of Winnetka.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In this court's previous decision in this matter, the Pollution Control Board was directed to reconsider its issuance of certain rules in light of then recent legislative and administrative developments. (*Commonwealth Edison Co. v. Pollution Control Board* (1976), 62 Ill. 2d 494.) Following that decision, on July 7, 1977, the Board "validate[d]" the rules, one member dissenting. Various petitions for review were filed in the appellate court pursuant to section 41 of the Environmental Protection

Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1041). The three petitions involved in the present appeal were consolidated by the appellate court, and that court then vacated the rules and remanded for further proceedings (67 Ill. App. 3d 839). We allowed the Board's petition for leave to appeal.

This controversy has its origin in administrative proceedings commenced before the Board in 1971 pursuant to the mandate of the Federal Clean Air Act of 1970 (42 U.S.C. sec. 1857 *et seq.* (1970)). That law requires States to develop programs geared to achieving compliance with Federal pollution control guidelines.

On April 13, 1972, the Board adopted rules establishing particulate and sulfur dioxide emission limits. Commonwealth Edison Company was a party to the proceedings, and it sought review of the rules in the appellate court. That court found that evidence of "technical feasibility and economic reasonableness" (see Ill. Rev. Stat. 1973, ch. 111½, par. 1027) was lacking, and it vacated the rules and remanded for further consideration. (*Commonwealth Edison Co. v. Pollution Control Board* (1974), 25 Ill. App. 3d 271, 281-88.) At the same time, the court recognized that there might be newly developed scientific data that would indicate that the rules should not be changed, and it accordingly directed the Board to either validate the rules as previously adopted (see Ill. Rev. Stat. 1973, ch. 111½, par. 1027) or to prepare proper substitute rules. *Commonwealth Edison Co. v. Pollution Control Board* (1974), 25 Ill. App. 3d 271, 288.

After allowing the Board's petition for leave to appeal from that 1974 decision, this court affirmed the appellate court's decision to remand, but, unlike the appellate court, this court did not determine the validity of the rules. Specifically, the court said:

"In view of the Board's order of March 7, 1974, directing new inquiry hearings on the

precise issues we are here asked to consider, the extensive hearings that have been held and the 'wealth of new information' that has been gathered in those hearings, and the recent legislation authorizing the use of intermittent control systems until December 31, 1985, under conditions prescribed by the Board in lieu of compliance with sulfur dioxide emission standards [see Ill. Rev. Stat. 1977, ch. 111½, pars. 1003(r) and 1010(h)], we decline to determine the validity of Rules 203(g)(1), 204(a)(1) and 204(c)(1)(A) on the basis of evidence adduced at hearings held in 1970, 1971, and 1972 and the Board's opinion of April 13, 1972." (*Commonwealth Edison Co. v. Pollution Control Board* (1976), 62 Ill. 2d 494, 503.)

The court then also noted that no enforcement proceedings were pending against Commonwealth Edison and that it had been granted conditional variances from simultaneous compliance with the rules. *Commonwealth Edison Co. v. Pollution Control Board* (1976), 62 Ill. 2d 494, 503.

Upon remand, the Board "validate[d]" the rules as previously drafted. The order "validat[ing]" the rules, entered on July 7, 1977, specified that the order was subject to a 45-day comment period and that, unless modified, the "validation" of the rules would become effective on September 1, 1977. Judicial review was again sought by several parties who had appeared before the Board. Ashland Chemical Company filed a petition for review in the Third District Appellate Court, and Commonwealth Edison Company and the village of Winnetka each filed petitions in the First District Appellate Court. The State Chamber of Commerce, the city of Rochelle, Abbott Laboratories, and Caterpillar Tractor Company also collectively filed, in the First District Appellate Court, two separate petitions, one before the effective date of the

regulations and another following that date.

In *Ashland Chemical Co. v. Pollution Control Board* (1978), 64 Ill. App. 3d 169, decided before the appellate court decision now under review, the Third District Appellate Court considered the petition for review of Ashland Chemical Company, and it found that the Board had failed to comply with this court's mandate in *Commonwealth Edison.* The Third District specifically noted that the Board's July 7, 1977, order was devoid of any indication that it considered intermittent control systems as it was directed to do by this court in *Commonwealth Edison (Ashland Chemical Co. v. Pollution Control Board* (1978), 64 Ill. App. 3d 169, 174-75). Though not mentioned in this court's opinion in *Commonwealth Edison,* the Third District also held that the Board should have requested the Illinois Institute for Environmental Quality to prepare an economic impact study *(Ashland Chemical Co. v. Pollution Control Board* (1978), 64 Ill. App. 3d 169, 175-76; see Ill. Rev. Stat. 1977, ch. 111½, par. 1027(b)). The court further held that the Board was required to allow interested parties the opportunity to comment on a certain study prepared by a private firm under contract with the Illinois Environmental Protection Agency. *(Ashland Chemical Co. v. Pollution Control Board* (1978), 64 Ill. App. 3d 169, 176.) By letter of December 27, 1978, the Board's attorney informed the Third District that the Board would not appeal the decision.

Involved in the present appeal are three of the four petitions for review filed in the First District Appellate Court. These three petitions were consolidated by that court, and they include the petition of the village of Winnetka and the two petitions filed collectively by the State Chamber of Commerce, the city of Rochelle, Abbott Laboratories, and Caterpillar Tractor Company. Only the petition of Commonwealth Edison Company was not

consolidated; it remains pending in the First District.

In addressing the three petitions for review involved in the present appeal, the First District Appellate Court agreed on all points with the Third District's decision in *Ashland Chemical*. (*Illinois State Chamber of Commerce v. Pollution Control Board* (1978), 67 Ill. App. 3d 839, 846-47.) The First District additionally held that the Board was required by both statute (Ill. Rev. Stat. 1977, ch. 111½, par. 1028) and its own rule (Pollution Control Board Procedural Rule 202) to conduct a new public hearing before readopting the rules; it also held that the Board's action in incorporating existing records was insufficient to meet this need for additional input (*Illinois State Chamber of Commerce v. Pollution Control Board* (1978), 67 Ill. App. 3d 839, 845-46). This appeal followed.

Because of our disposition of this appeal, we find it necessary to address only petitioners' argument that the Board is estopped from again litigating the issues decided adversely to the Board in the Third District's *Ashland Chemical* decision. Following that decision, the Board's attorney notified the Third District clerk that his client, the Board, had directed that no appeal be taken. The attorney's letter evidences his reluctance to follow the directive, but he nonetheless informed the clerk that the Board would not appeal. The Board then commenced new hearings, not pursuant to the *Ashland Chemical* remand order but because of legislative amendments "and as part of its on-going examination of its regulations" (*In re Particulate Emissions*, Docket Nos. R78—15, R78—16 (Nov. 30, 1978); *In re Sulfur Dioxide Emissions*, Docket Nos. R77—15, R78—14 (Nov. 16, 1978)). At the same time, the Board continued to oppose the three petitions for review involved herein, and, following the decision below by the First District, it prosecuted the present appeal.

The Board's action, seeking the redetermination in this court of issues decided in *Ashland Chemical,* promotes multiplicity of litigation and cannot be condoned. It is now estopped from relitigating the issues decided against it in *Ashland Chemical.* We acknowledge that the petitioners in this case were not parties to the *Ashland Chemical* review proceedings and that, under the mutuality of estoppel concept, a claim of estoppel would not lie. We nonetheless believe that estoppel may be applied in the situation here presented. "The recent trend in the law in this area is to discard the identical-parties-mutuality rule entirely and to require that only one party or his privy, the one against whom estoppel is attempted to be used, be identical in the second action, especially when estoppel is urged defensively. (See *Bernhard v. Bank of America* (1942), 19 Cal. 2d 807, 122 P.2d 892; *Federal Savings & Loan Insurance Corp. v. Hogan* (7th Cir. 1973), 476 F.2d 1182; *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation* (1971), 402 U.S. 313.) These courts hold that the only pertinent questions for the utilization of collateral estoppel are whether the issue decided in the prior adjudication is identical with the one presented in the suit in question, whether there had been a final judgment on the merits, and whether the party against whom estoppel is asserted is a party or in privity with a party to the prior adjudication." (*Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 899, citing *Chidester v. Cagwin* (1966), 76 Ill. App. 2d 477, *Lynch v. Chicago Transit Authority* (1965), 62 Ill. App. 2d 220, and *Franciscy v. Jordan* (1963), 43 Ill. App. 2d 344; see also *Drabik v. Lawn Manor Savings & Loan Association* (1978), 65 Ill. App. 3d 272, 276.) *In re Hutul* (1973), 54 Ill. 2d 209, 213, contains language to the contrary and should not be followed on this point. Once the Board's right to appeal the appellate court's *Ashland Chemical* decision expired, that court's resolution of the issues became final,

8

and the Board could no longer maintain this appeal.

The Board's appeal is accordingly dismissed. We note that, by dismissing the Board's appeal, the judgment of the First District Appellate Court remains in effect, to be followed, along with *Ashland Chemical,* by the Board.

*Appeal dismissed.*