**PEOPLE of the State of Illinois, Plaintiff,**

**v.**

**The CELOTEX CORPORATION, and William D. Herbert, Defendants.**

**UNITED STATES of America, Plaintiff,**

**v.**

**The CELOTEX CORPORATION, Defendant.**

Nos. 80–1225, 81–1021.

United States District Court, C. D. Illinois.

June 19, 1981.

George Wm. Wolff, Chief Asst. Atty. Gen., and Douglas P. Karp, Asst. Atty. Gen., Environmental Control Div., Chicago, Ill., for the People of State of Ill.

Leslie M. Madden, Environmental Enforcement Section, U. S. Dept. of Justice, Washington, D. C., Janet L. Jannusch, Asst. U. S. Atty., Peoria, Ill., Catherine L. Fox, U. S. Environmental Protection Agency, Region V, Chicago, Ill., for the U. S.

John L. Parker, Chicago, Ill., for defendants.

## DECISION AND ORDER ON MOTION TO DISMISS

ROBERT D. MORGAN, Chief Judge.

This is a civil suit seeking enforcement of several provisions of the Federal Clean Air Act of 1977 (42 U.S.C. §§ 7401 et seq.) and the Illinois state implementation plan (SIP) which was submitted under the Act. Plaintiff State of Illinois sued under 42 U.S.C. § 7604 (State complaint) seeking enforcement in a citizen suit. Plaintiff United States of America sued under 42 U.S.C. § 7413 (Federal complaint), the federal enforcement mechanism. This court consolidated the two cases in an order dated February 20, 1981. Defendants Celotex Corporation and William D. Herbert have not answered, but have filed motions to dismiss the consolidated suit. Those motions are before the court at this time and are ripe for decision. For the reasons more fully developed herein, the motions to dismiss must be granted in part and denied in part.

This suit arises under the Clean Air Act, 42 U.S.C. §§ 7401–7626, which was an attempt by the Congress to establish a combined federal-state program to set standards for air quality and develop effective enforcement mechanisms to attain those standards. The general framework of the Act calls for the Administrator of the United States Environmental Protection Agency (USEPA) to promulgate primary and secondary ambient air quality standards on a nationwide basis. In 1971, USEPA promulgated such standards, 40 C.F.R., Part 50. Thereafter, each state was required to develop and submit to USEPA a state implementation plan (SIP) designed to achieve, maintain, and enforce the federal ambient air standards, 42 U.S.C. § 7410(a)(1). USEPA then was to review each SIP to determine whether it met the requirements of the Act, 42 U.S.C. § 7410(a)(2), including attainment of the national standards and effective enforcement mechanisms. Once the SIP was approved by USEPA, it became a part of the state-federal-private enforcement scheme. Each state was given primary responsibility for implementation of its own SIP and prosecution of any violations under it, but if a state fails to act, USEPA is authorized to enforce the plan, 42 U.S.C. § 7413. In addition, if neither the state nor USEPA enforce the plan, a citizen suit may be brought to stop violations, 42 U.S.C. § 7604.

The State of Illinois developed and submitted its SIP to USEPA in early 1972. USEPA approved the SIP on May 31, 1972, thus making it part of the federal law, 20 C.F.R. § 52.720–.738. USEPA's approval of the SIP was challenged by several industry petitioners in the Seventh Circuit, pursuant to 42 U.S.C. § 7607(b)(1). In *Indiana & Michigan Electric Co. v. EPA*, 509 F.2d 839 (7th Cir. 1975), the court upheld USEPA's approval of the SIP as having complied with the requirements of the Clean Air Act. Petitioners had claimed that portions of the Illinois SIP were improperly approved because neither the state nor USEPA had fully considered the technological feasibility

and economic reasonableness of the regulations in question.

In addition to the federal challenge, several industries attacked the SIP through the Illinois state courts pursuant to the Illinois Administrative Review Act, Ill.Rev. Stat. ch. 111½, § 1041. Ultimately, the Supreme Court of Illinois invalidated Regulations 203(g)(1)(B) (regulating particulate matter) and 204(c)(1)(A) (regulating sulfur dioxide emissions) because of the failure of the state Pollution Control Board to follow administrative procedures regarding technological feasibility and economic reasonableness of the regulations, *Commonwealth Edison Co. v. Pollution Control Board*, 62 Ill.2d 494, 343 N.E.2d 459 (1976). Because the Supreme Court ruling made those regulations unenforceable in the state courts, USEPA found the Illinois SIP to be deficient and issued a Notice of Deficiency under 42 U.S.C. § 7410(c)(1)(C), requesting the State to revise its plan by repromulgating the invalid regulations in accordance with State law, 41 *Fed.Reg.* 32302 (August 2, 1976).

Thereafter, the Illinois Pollution Control Board repromulgated Rules 203(g)(1)(B) and 204(c)(1)(A). Again the procedure was challenged and again the Illinois courts held the rules invalid due to the same procedural deficiency as was found in the prior challenge, *Ashland Chemical Corp. v. Pollution Control Board*, 64 Ill.App.3d 169, 21 Ill.Dec. 121, 381 N.E.2d 56 (3d Dist.1978); *Illinois State Chamber of Commerce v. Pollution Control Board*, 67 Ill.App.3d 839, 24 Ill.Dec. 55, 384 N.E.2d 922 (1st Dist. 1978), *appeal dismissed*, 78 Ill.2d 1, 34 Ill.Dec. 334, 398 N.E.2d 9 (1979). This action prompted USEPA to issue another Notice of Deficiency, asking revision of the Illinois SIP to make the rules in question enforceable in state courts. 44 *Fed.Reg.* 40723 (July 12, 1979). To date it appears that the rules in question have never been adopted so as to satisfy the state courts and the USEPA.

Plaintiffs in this action seek to enforce portions of the Illinois SIP as part of the federal law, and the State also includes claims under the Illinois Environmental Protection Act, Ill.Rev.Stat. ch. 111½, § 1001 *et seq.* Both plaintiffs argue that Rules 203(g)(1)(B) and 204(c)(1)(A), while unenforceable in state courts as state law, are still enforceable in federal courts as part of the federal Clean Air Act. Basically, plaintiffs argue that the state court action was a modification of the SIP that is forbidden by 42 U.S.C. § 7410(i), thus leaving the prior regulations in place until a modification is approved by USEPA. Plaintiffs have cited in support *Illinois v. Commonwealth Edison Co.*, 490 F.Supp. 1145 (N.D.Ill.1980), wherein the District Court allowed federal enforcement of the invalid state rules. This court has carefully considered the Northern District case but finds it cannot concur.

When the Seventh Circuit upheld USEPA's approval of the Illinois SIP, the court specifically recognized the petitioner's right to challenge the regulations in the state courts, based on procedural errors in the state administrative proceedings. This finding formed part of the basis for the court's denial of petitioner's due process claim, *Indiana & Michigan, supra* at 847. Several industries followed the cue and pursued judicial review in the state courts, with the result being that Regulations 203(g)(1)(B) and 204(c)(1)(A) were found to be invalid for the same reasons the Seventh Circuit had declined to review, i. e., technological feasibility and economic reasonableness.

It would be an anomaly, if not a denial of defendant's due process rights, to allow, at this point, full enforcement of those invalid regulations, especially by the State of Illinois, which is totally barred in its own courts. Plaintiffs have argued that unless the regulations can be enforced in federal court, polluters are totally free to continue to pollute, and the enforcers have no protection until the State of Illinois acts to repromulgate the rules. It is apparently not true, however, that a suit of this kind is the only alternative open to plaintiffs. Pursuant to 42 U.S.C. § 7410(c)(1), the Administrator of USEPA is authorized to prepare and publish regulations if a state plan is

deficient and if the state fails to act to correct the deficiency. The USEPA has twice issued to Illinois notices of deficiency because of the state court decisions, 41 *Fed. Reg.* 32302 (August 2, 1976) and 44 *Fed. Reg.* 40723 (July 12, 1979), requesting the State to bring the SIP into compliance with State law. Apparently there has been no official submission by the State in response to the 1979 notice. If the USEPA Administrator has not carried out his statutory obligations, there is a method to compel his action, *Citizens For a Better Environment v. Costle*, 515 F.Supp. 264 (N.D.Ill.1981); 42 U.S.C. § 7604(a)(2).[1]

■ Defendants also argue that any attempt to enforce Rule 202(b) (regulating opacity) is likewise barred. It has cited no case finding Rule 202(b) to be invalid, and the court has found none. At this stage of the litigation, the court has no basis to dismiss claims based on an apparently valid regulation.

■ Defendant William D. Herbert, President of Celotex Corporation, is sued only by plaintiff State of Illinois, which is suing under the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604. Defendant Herbert moves to be dismissed on the ground that individual corporate officers are not subject to suit under § 7604. The State has failed to respond to that point. The plain language of § 7604 leads to the conclusion that corporate officers are not amenable to a citizen suit. In pertinent part, 42 U.S.C. § 7604(a)(1) authorizes private parties to bring suit "against any person . . . who is alleged to be in violation of (A) an emission standard or limitation under this chapter. . . ." For the purposes of the Clean Air Act, 42 U.S.C. § 7602(e) defines "person" to include "an individual, corporation, partnership, association, State, municipality, political subdivision of a State, and any agency, department, or instrumentality of the United States and any officer, agent, or employee thereof." In

further support, 42 U.S.C. § 7413 expressly authorizes USEPA to bring actions against responsible corporate officers of companies found to be in violation of the Act. Specifically, § 7413(c)(3) states that "(f)or the purpose of this subsection, the term 'person' includes, *in addition to* the entities referred to in section 7602(e) of this title, *any responsible corporate officer.*" (Emphasis added.) Reading these sections together, it is clear that Congress did not intend that corporate officers be subject to suit under § 7604.

■ Plaintiff State also names Herbert as a defendant in its pendent State claims. Plaintiff has cited no authority that Herbert would be liable under State law, and the court has found only Ill.Rev.Stat. ch. 111½, § 1003(i), which does not include corporate officers in its definition of "person" under the Illinois Environmental Protection Act. Thus, William D. Herbert must be dismissed as a party-defendant in this suit.

■ Defendant also asks that all of the State's pendent claims (Counts VII–X) be dismissed for lack of federal subject matter jurisdiction. While this order dismisses Counts I–IV of the State plaintiff's federal claims, Counts V and VI remain at this time as federal claims under the Clean Air Act. Thus there still exists federal jurisdiction over the case, and the pendent claims are proper.

The Federal plaintiff states four causes of action. Cause 1 alleges violation of Rule 202(b) of the SIP, which, as discussed earlier, will stand. Causes 2 and 3 allege violations of Rules 203(g)(1)(B) and 204(c)(1)(A), which must be dismissed. Cause 4 alleges violation of 42 U.S.C. § 7414(a), in that defendant failed to provide reports of emissions regulated by Rules 203(g)(1)(B) and 204(c)(1)(A). Even though the underlying regulations are unenforceable at this time, there is no reason to suspend reporting required under the Act. Neither plaintiffs nor defendants have briefed this point, and

---

**1.** In regard to federal adoption and enforcement of invalid state laws, *see also Citizens For a Better Environment v. United States Environ-* *mental Protection Agency*, 649 F.2d 522 at 525 (7th Cir. 1981).

**720**

the court finds the allegations sufficient at this time.

Accordingly, IT IS ORDERED that in Case No. 80–1225, counts I–IV are DISMISSED.

IT IS FURTHER ORDERED that William D. Herbert is DISMISSED as a party-defendant.

IT IS FURTHER ORDERED that in Case No. 81–1021, counts II and III are DISMISSED.

IT IS FURTHER ORDERED that defendant answer or otherwise plead within twenty (20) days.