PAULINE CARROLL, Plaintiff-Appellee, *v.* JEFFREY C. MILLER, Director of Public Aid, *et al.*, Defendants-Appellants.—VANETA CURTIS, Plaintiff-Appellee, *v.* JEFFREY C. MILLER, Director of Public Aid, *et al.*, Defendants-Appellants.

Fifth District    No. 83—33

Opinion filed July 22, 1983.

Neil F. Hartigan, Attorney General, of Springfield (Karen Konieczny, Assistant Attorney General, of counsel), for appellants.

George Bell, of Land of Lincoln Legal Assistance Foundation, Inc., of Champaign, and Sarah Hofmann-Mullett, of Land of Lincoln Legal Assistance Foundation, Inc., of Mt. Vernon, for appellees.

JUSTICE KARNS delivered the opinion of the court:

These consolidated cases are here on the pleadings. The verified complaints for *mandamus* allege that the plaintiffs, Pauline Carroll and Vaneta Curtis, applied to the Illinois Department of Public Aid (IDPA), at Jefferson and White County offices, for financial and medical assistance under the Aid to the Aged, Blind and Disabled program (AABD). The complaints further allege that the applications for assist-

ance were approved on a presumptive eligibility basis and plaintiffs began receiving assistance but that AABD assistance was later denied because the plaintiffs had been determined not to be disabled by the Social Security Administration. The complaints allege that plaintiffs appealed within 10 days to the Illinois Department of Public Aid.

The answers filed on behalf of the Director of the Department of Public Aid and administrators of the respective county departments admitted these allegations of the complaints. Affirmative defenses filed, as here relevant, only denied that *mandamus* was an appropriate remedy as there was no clear legal right to assistance pending administrative appeal to the Illinois Department of Public Aid, and that in any event, plaintiffs' remedy was under the Administrative Review Act. Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*

The trial courts granted the relief prayed for, requiring the IDPA to continue to pay assistance until the IDPA determined, after administrative hearing within the Department, that plaintiffs were not disabled. These appeals followed.

In 1974, the Congress of the United States enacted the Supplemental Security Income program, commonly referred to as SSI (42 U.S.C. secs. 1381 through 91 (1976 & Supp. IV 1980), providing assistance to those who are blind, disabled or aged, who meet statutory income and resources requirements; the program is administered by the Social Security Administration (SSA). Prior to the enactment of this legislation, the several States were primarily responsible for aiding the disabled, although the State programs were supplemented by Federal grants. The purpose of the Federal SSI program was to promote uniformity at established levels of assistance. The States were allowed, however, to supplement the SSI assistance (42 U.S.C. sec. 1382e; 20 C.F.R. sec. 416.2001(a)(1)) by a Supplemental Security Payment (SSP). Illinois has elected to supplement the Federal (SSI) assistance. Ill. Rev. Stat. 1981, ch. 23, pars. 3—13, 3—14, 3—15.

A person requesting assistance at a county department of public aid is required to apply for SSI at the Social Security office (IDPA, AABD Categorical Assistance Manual PO-415.1); this agency determines an applicant's eligibility for SSI assistance (42 U.S.C. secs. 1382a, 1382b, 1382c) and the public aid relies on this determination of eligibility for SSP supplementary assistance. AABD Categorical Assistance Manual PO-430 states that applicants for AABD assistance must be determined disabled by the SSA, which defines disability as the inability to engage in any substantial gainful activity because of physical or mental impairment "which can be expected to result in death or has lasted or can be expected to last for a continuous period

of not less than 12 months."

Applications for SSP are made to the local public aid office. Interim financial and medical assistance from the State is granted an applicant pending the initial determination by disability by the Social Security Administration, and in the event the applicant is determined to be ineligible, Federal law provides for administrative review of the question of eligibility (20 C.F.R. secs. 416.1425 through 416.1429; 416.1441 through 416.1487) including judicial review (42 U.S.C. sec. 1383(c)(3)). The IDPA relies on this appellate procedure to determine an applicant's entitlement to SSP, retroactively, if an initial determination of noneligibility is later overturned.

Notwithstanding the passage of this Federal legislation and the supplementary State assistance legislation (SSP), the existing State program for aid to the aged, blind and disabled (AABD) contained in article III of the Illinois Public Aid Code (Ill. Rev. Stat. 1981, ch. 23, par. 3—1 *et seq.*) was not repealed, nor was the existing State program for medical assistance (Medicaid) provided in article V of the Code repealed. Ill. Rev. Stat. 1981, ch. 23, par. 5—1 *et seq.*

Under IDPA, AABD Categorical Assistance Manual PO-710.1, an applicant for AABD is presumed to be eligible for assistance and interim assistance, wholly financed by the State, is furnished pending a determination of eligibility at the local level. SSP is not paid until an applicant's entitlement to SSI is determined. AABD Categorical Assistance Manual PO-235 provides that an applicant for AABD assistance who is denied assistance by the county department of public aid is entitled, upon timely appeal, to continue to receive assistance until the question of disability has been determined on appellate review by the Department as provided in section 11—8.1 of the Code (Ill. Rev. Stat. 1981, ch. 23, par. 11—8.1). Rule 7.03 of the Department likewise requires that interim assistance must continue pending a decision on appeal after a fair hearing at which a determination of disability is made. Disability under the Illinois Public Aid Code and regulations, we are told, is defined more favorably to the applicant than under SSI legislation. See Ill. Rev. Stat. 1981, ch. 23, par. 3—1.

Defendants argue that the plaintiffs did not apply for AABD assistance under State statutes and regulations, rather SSI and SSP under Federal law and regulations. They argue that on appeal to the Director of the Illinois Department of Public Aid from a denial or termination of interim assistance, which is gratuitous, the only issue at the hearing is whether the Social Security Administration has made an initial determination of disability.

However, in their complaints, plaintiffs alleged that they applied

for AABD assistance, and these allegations were admitted in defendants' answers. (As a practical matter, an applicant for assistance undoubtedly walks into the public aid office and requests help.) The parties agree that any applicant for assistance at a county department of public aid is referred to the Social Security Administration office and required to apply for SSI. Defendants admit that "interim assistance" (an expression not found in the Illinois Public Aid Code or the IDPA, AABD Categorical Assistance Manual) is furnished such applicants and that such assistance is neither SSI nor SSP.

■ Considering the pleadings on file and the posture of this case before us, we believe that we are obliged to follow the holding of a division of this court (see Mattis & Yalowitz, *Stare Decisis Among [sic] the Appellate Court of Illinois*, 28 DePaul L. Rev. 571 (1979)). In *Johnson v. Quern* (1980), 90 Ill. App. 3d 151, 412 N.E.2d 1082, *appeal denied* (1981), 83 Ill. 2d 570, the court decided these precise issues adversely to the Illinois Department of Public Aid. That court held that the payment of AABD assistance on a presumptive disability basis was not gratuitous; that such assistance must be furnished until an applicant receives a disability hearing within the IDPA. Neither the Illinois Public Aid Code nor the rules and regulations of the IDPA, as here relevant, have been amended or modified subsequent to the decision in *Johnson v. Quern*. Indeed, IDPA, AABD Categorical Assistance Manual PO-415.1 provides that receipt of SSI is not prerequisite to AABD assistance.

Defendants argue that *Johnson v. Quern* is not dispositive of the issues raised here as plaintiffs were applicants for SSI and SSP. This assertion is belied by an examination of the pleadings.

Not only have these same questions been litigated in *Johnson v. Quern*, but the IDPA has litigated this matter without success in numerous instances in the circuit courts of this State, some of the cases presently being on appeal. (See Feldman v. Department of Public Aid (1st Dist.), No. 83—533; Nugent v. Miller (2d Dist.), No. 82—937; Blackman v. Miller (3d Dist.), No. 3—83—0061; Corp v. Miller (3d Dist.), No. 3—83—0100; Watterson v. Miller (4th Dist.), No. 4—83—0034.) The plaintiffs argue that the defendants are bound under principles of collateral estoppel from relitigating this question before this court. (See *Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 398 N.E.2d 9.) While we find merit to this argument, we need not consider it as we adopt the reasoning and holding of *Johnson v. Quern*.

■ Under the result we reach, we believe that *mandamus* is an appropriate remedy as plaintiffs have established a clear right to con-

tinued assistance, and a nondiscretionary duty on the part of IDPA to provide assistance, until the IDPA has furnished them the mandated appellate disability hearing. They need not await the outcome of a protracted administrative review process whereby they could be denied needed assistance.

The judgments of the circuit courts of Jefferson County and White County are affirmed.

Affirmed.

KASSERMAN and JONES, JJ., concur.