CREE DEVELOPMENT CORPORATION, Plaintiff-Appellant, v. MID-AMERICA ADVERTISING COMPANY, Defendant-Appellee.

Fifth District No. 5—98—0715

Opinion filed August 22, 2001.

WELCH, J., specially concurring.

· Thomas F. Crosby, of Winters, Brewster, Crosby & Patchett, of Marion, for appellant.

Bleyer & Bleyer, of Marion, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

The instant case is an ejectment action, which arose out of a dispute over the placement of a Steak 'n Shake billboard sign by Mid-America Advertising Company (defendant). Cree Development Corp. (plaintiff) appeals from an order of the circuit court of Williamson County granting a summary judgment in favor of defendant on the basis that the issues raised by plaintiff were previously decided by this

court in *Cree Development Corp. v. Mid-America Advertising Co.*, 294 Ill. App. 3d 324, 689 N.E.2d 1148 (1997) (hereinafter *Cree I*). Plaintiff asks us to revisit the issues we decided in that case, arguing that our conclusions of law were erroneous. We affirm.

## ANALYSIS

A recitation of the facts involved is unnecessary because the facts were described in detail in *Cree I*, 294 Ill. App. 3d at 326-29, 689 N.E.2d at 1149-51. Suffice it to say, the relief sought by plaintiff in the instant case is identical to the relief sought in *Cree I*, specifically, the ejectment of defendant from a railroad right-of-way. The only fact which differs in the two cases is that, in the instant case, plaintiff purchased by quitclaim deed a purported interest in the railroad right-of-way where the Steak 'n Shake sign is located, from the Illinois Central Railroad Company (Illinois Central) on June 18, 1992. Plaintiff filed its original ejectment action on June 17, 1992. The *Cree I* court was, however, cognizant of the fact that plaintiff had purchased Illinois Central's interest in the railroad right-of-way. *Cree I*, 294 Ill. App. 3d at 330, 689 N.E.2d at 1151.

Notwithstanding the fact that in *Cree I* plaintiff was owner of the fee and not the railroad right-of-way, we find the result to be the same. In support of our determination, we cite to *Cree I*, which specifically addressed the issue of whether or not plaintiff's purchase of the right-of-way would change the result of the case. The *Cree I* court declared:

> "It is important to note that it is elementary property law that a quitclaim deed will convey whatever title or interest the grantor may have in the land at the time it is given and only such title and interest. [Citation.] Cree Development purchased only what Harriet Goodall owned at the time that she transferred the property by quitclaim deed to Cree Development. It appears that Goodall owned a piece of property subject to a railroad right-of-way. Hence, Cree Development purchased a fee that has been burdened since the 1800s by a railroad right-of-way. Cree Development's acquisition of the fee in no way changed Crab Orchard's rights and property interests to the right-of-way in question. Although we recognize that Cree Development cites to documents in existence subsequent to the [Interstate Commerce] Commission's decision that would lend support to its argument that only 20 feet of right-of-way were conveyed, *the fact remains that the Commission has sole jurisdiction over granting abandonments, and there is nothing in its order that would suggest that it intended for Crab Orchard to receive less than Illinois Central possessed while it operated that particular line of railroad. In fact, even though Illinois Central attempted to reserve*

*a portion of the right-of-way for itself when it purportedly transferred the right-of-way to the City, it appears that Illinois Central had no authority to do so because the Commission, by operation of law, had already transferred the entire easement to Crab Orchard."* (Emphasis added.) *Cree I,* 294 Ill. App. 3d at 332, 689 N.E.2d at 1153. Plaintiff's acquisition of the right-of-way in question on June 18, 1992, has no effect on the outcome of this ejectment action, because Illinois Central no longer had any property interest in the right-of-way and, therefore, nothing to convey. Collateral estoppel is applicable in the instant case.

●1, 2 The purpose of collateral estoppel, also known as issue preclusion, is to prevent repeated litigation of the same factual issue. Collateral estoppel applies when a party participates in two separate and consecutive cases arising out of different causes of action and some controlling factor or question material to the determination of both cases has been adjudicated against the party in the former suit by a court of competent jurisdiction. *Stathis v. First Arlington National Bank,* 226 Ill. App. 3d 47, 53, 589 N.E.2d 625, 630 (1992). The three requirements of collateral estoppel are: (1) the issues in the cases are identical, (2) there is a final judgment on the merits, and (3) the party against whom an estoppel is asserted is a party or in privity with a party to the prior adjudication. *Illinois State Chamber of Commerce v. Pollution Control Board,* 78 Ill. 2d 1, 7, 398 N.E.2d 9, 12 (1979).

●3 In the instant case, the issues raised by plaintiff have previously been decided by this court, and all three requirements for collateral estoppel have been met. Illinois Central no longer had any interest in the right-of-way, so plaintiff's purchase by quitclaim deed of Illinois Central's interest in the right-of-way does not change the result. The trial court was correct to enter summary judgment in favor of defendant and against plaintiff.

For the foregoing reasons, the judgment of the circuit court of Williamson County is hereby affirmed.

Affirmed.

CHAPMAN, P.J., concurs.

JUSTICE WELCH, specially concurring:

I specially concur in the result reached by my brethren. I would affirm the summary judgment entered by the trial court in favor of defendant because, whether rightly or wrongly decided, *Cree I* did decide the issues raised by plaintiff in the case now before us. Accordingly, the trial court was bound to follow our decision in *Cree I*, and the summary judgment for defendant was proper.

However, although I concurred in the majority opinion in *Cree I*, I now have reservations about the correctness of our holding when we stated the following:

> "[E]ven though Illinois Central attempted to reserve a portion of the right-of-way for itself when it purportedly transferred the right-of-way to the City, it appears that Illinois Central had no authority to do so because *the [Interstate Commerce] Commission, by operation of law, had already transferred the entire easement to Crab Orchard.*" (Emphasis added.) *Cree I*, 294 Ill. App. 3d at 332.

Nevertheless, the correctness of our ruling in *Cree I* is not appropriate for discussion or disposition herein. Accordingly, I specially concur in the majority opinion.