GEORGE C. JOHNSON *et al.*, Plaintiffs, *v.* NATIONWIDE BUSINESS FORMS, INC., *et al.*, Defendants-Appellees.—(ROSLYN W. JOHNSON, Plaintiff-Appellant.)

First District (3rd Division)   No. 60528

Opinion filed June 3, 1976.—Rehearing denied September 15, 1976.

Joseph B. Platt and Albert Koretzky, both of Chicago, for appellant.

Frank Cicero, Jr., and Aaron E. Hoffman, both of Kirkland & Ellis, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs, George and Roslyn Johnson, brought this action in tort against defendants for malicious interference with plaintiffs' contracts with Insurance Producers Bulletin, Inc. (IPB). Defendants moved pursuant to sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, pars. 45 and 48) to dismiss the complaint. The circuit court of Cook County granted defendants' motion in part, dismissing that part of the complaint pertaining to the claim of Roslyn Johnson. Roslyn Johnson appeals.

We reverse and remand.

Plaintiffs' complaint alleges that the individual defendants maliciously conspired to dissolve IPB and transfer its assets to defendant Nationwide Business Forms, Inc. so as to defeat plaintiffs' contractual rights with IPB. Defendants filed a section 45 motion to dismiss the complaint for failure to state a cause of action, but did not state the complaint's specific defects. Defendants also filed a motion to dismiss the complaint pursuant to section 48, alleging that plaintiffs' claim was released and this suit is barred by a prior judgment. The affidavits accompanying the section 48 motion state that while IPB was undergoing dissolution and its monetary assets were deposited with Leonard Spira, an assignee for the benefit of IPB's creditors, Roslyn Johnson proceeded against Spira upon her $137,000 promissory note from IPB. She settled her claim with Spira for $72,000, about half of its alleged value, and executed a release in favor of Leonard Spira, "both individually, and as assignee for the benefit of creditors of [IPB]." The lawsuit against Spira was then dismissed by consent. Defendants' section 48 motion also alleged that the claim was barred by the statute of limitations. The circuit court of Cook County

granted defendants' motions as to Roslyn Johnson's claim, and this appeal follows.

Appellant's first argument on appeal is that the trial court erred in granting defendants' motion to dismiss on the grounds that the action is barred by the release and judgment in the prior case of *Roslyn Johnson v. Spira.* The record indicates that Roslyn Johnson held a $135,000 secured note from IPB and that she was able to recover only $72,000 from what was remaining of IPB as it was undergoing dissolution. Left with a loss of over $63,000, she filed her complaint in the instant case alleging that her loss was the result of defendants' fraudulent acts and that this suit is a different action than her suit on the note. She argues, therefore, that her present action is not subject to dismissal as being barred by the release and prior judgment. Defendants' position is that Roslyn Johnson litigated her claim on the note in the prior case and is now attempting to relitigate the same claim. It is submitted that IPB's obligation under the note merged into the prior judgment.

■■ As we view the matter, the defendants have misapprehended the scope of Roslyn Johnson's action. It is an action in tort based upon defendants' wrongful acts in maliciously causing IPB's dissolution to avoid paying both plaintiffs the amounts due under their various contracts. The prior action against the assignee of IPB's assets for the benefit of IPB's creditors was a separate and distinct action. We liken this situation to that in *W. P. Iverson & Co. v. Dunham Manufacturing Co.* (1958), 18 Ill. App. 2d 404, 152 N.E.2d 615. In that case, the complaint charged the defendants with the same tort, malicious interference with contract by wrongfully dissolving a corporation to avoid contractual obligations running to the plaintiff. The defendants therein unsuccessfully argued that the action would not lie because no action could successfully be maintained against the dissolved corporation. This court ruled that the tort action was separate from the contract action against the dissolved corporation. Similarly in the case at bar, although no action can now be maintained against either IPB or its assignees because of the release and prior judgment, Mrs. Johnson may proceed in tort against those individuals who allegedly conspired to cause the wrongful dissolution of IPB which precipitated her loss. The trial court erred in dismissing appellant's complaint because of the prior release and judgment.

Defendants' section 48 motion alleged that Roslyn Johnson's claim is barred by the statute of limitations because her claim is against IPB, a dissolved corporation, and the shorter statute of limitations period on claims against dissolved corporations has already run. (Ill. Rev. Stat. 1973, ch. 32, par. 157.94.) In light of our conclusion that Roslyn Johnson's present suit is not against IPB on the note, this argument must fail. The

trial court erred in dismissing plaintiff's complaint because of defendants' statute of limitations argument.

Defendants contend that the trial court properly dismissed the complaint as to Roslyn Johnson because the depositions, affidavits, and exhibits filed by the defense and which were considered by the trial court clearly show that plaintiffs acquiesced in and approved of the defendants' actions. Plaintiffs argue that the trial court, over objection, improperly considered defendants' depositions, affidavits, and exhibits when considering the section 45 motion to dismiss for failure to state a cause of action. To this, defendants respond by arguing that plaintiffs should have filed counter-affidavits and depositions.

■■ ■ Although affidavits may be considered under a section 48 motion to dismiss (Ill. Rev. Stat. 1973, ch. 110, par. 48; *Sabath v. Morris Handler Co.* (1968), 102 Ill. App. 2d 218, 243 N.E.2d 723), it is generally recognized that affidavits should not be considered under a section 45 motion to dismiss for failure to state a cause of action. The section 45 motion admits as true all well pleaded facts, and attacks only the legal sufficiency of the complaint. (*Yarc v. American Hospital Supply Corp.* (1974), 17 Ill. App. 3d 667, 307 N.E.2d 749, 751.) As was stated in *Rubloff & Co. v. Leaf* (1952), 347 Ill. App. 191, 196, the motion to dismiss for failure to state a cause of action "relates only to the sufficiency of the complaint and the court should have based its decision only on the allegations therein set forth." Most recently, in *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, our Supreme Court condemned the practice whereby a court considers affidavits and depositions while determining the legal sufficiency of a complaint.

> "If this sort of procedure were sanctioned, it would be left to the reviewing courts to sort matters out and to remand with directions to allow leave to amend the complaint, to require plaintiff to file counteraffidavits, or to provide other appropriate instructions. We therefore expressly disapprove the procedure followed in the trial court." (57 Ill. 2d 398, 406.)

It is error, therefore, for a trial court to consider affidavits, depositions, or exhibits when considering a section 45 motion to dismiss a complaint for failure to state a cause of action.

In the instant case, the trial court admittedly considered defendants' affidavits, depositions, and exhibits, and ruled that the acts complained of in plaintiffs' complaint did not clearly show fraud. Although the affidavits were properly before the court with the section 48 motion, the trial court erred in considering the factual sufficiency of plaintiffs' complaint under the section 45 motion. Defendants' argument that plaintiffs should have submitted counteraffidavits and depositions fails in light of *Janes.*

132

For the above stated reasons, the order of the circuit court of Cook County dismissing that portion of the complaint pertaining to Roslyn Johnson's claim is reversed, and this cause is remanded.

Order reversed; cause remanded.

MEJDA, P. J., and DEMPSEY, J., concur.