GEORGE C. JOHNSON *et al.*, Plaintiffs-Appellants, *v.* NATIONWIDE BUSINESS FORMS, INC., *et al.*, Defendants-Appellees.

First District (1st Division)    Nos. 80-2721, 80-2867 cons.

Opinion filed December 28, 1981.

Albert Koretzky and Joseph B. Platt, both of Chicago, for appellants.

James F. Ashenden, Jr., and Kevin M. O'Keefe, both of O'Keefe, Ashenden & Lyons, and Steven Johnson, of Johnson & Colmar, both of Chicago, for appellees.

JUSTICE McGLOON delivered the opinion of the court:
Plaintiff George Johnson appeals from the dismissal of his action and, on appeal, argues that the action was not barred under the doctrine of

collateral estoppel. Plaintiff Roslyn Johnson appeals from the denial of her motion to reinstate an action.

We affirm.

Plaintiffs George and Roslyn Johnson filed several actions alleging that Insurance Producers Bulletin, Inc. (IPB), was fraudulently and maliciously dissolved in order to avoid paying the Johnsons amounts due under their contract to sell IPB. The first action was filed on August 2, 1971, against Nationwide Business Forms, Inc. (Nationwide), the successor to IPB. On July 18, 1972, George and Roslyn Johnson filed an amended complaint adding as defendants Donald C. Peterson, E. Dean McAlister, Robert Shaffer, and Elmer W. Johnson, Jr. The complaint alleged that the individual defendants conspired to dissolve IPB and transfer its assets to Nationwide so as to defeat plaintiffs' contractual rights in IPB. Roslyn Johnson was dismissed as a party plaintiff and appealed. Thereafter George Johnson filed a second amended complaint, but the action was dismissed for want of prosecution on November 12, 1975. The dismissal of Roslyn Johnson was reversed by this court in *Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171, but she made no attempt to reinstate her action until 1980.

On December 1, 1975, George Johnson filed a diversity action in Federal district court against Donald C. Peterson (the *Peterson* action). Count I of the complaint alleged that Peterson, with the assistance of McAlister and Elmer Johnson, conspired to dissolve IPB and deprive Johnson of the benefit of the sales contract. Count II alleged tortious interference with contractual relations. After a trial, the jury returned a verdict in favor of defendant Peterson on count I and in favor of plaintiff Johnson on count II. The district court thereafter granted Peterson's motion for judgment *n.o.v.* on count II.

The action which is the subject of this appeal was filed by George Johnson on October 2, 1976. The named defendants were Shaffer, McAlister, Elmer Johnson, and Nationwide (the *Shaffer* action). On February 20, 1980, after the Federal court of appeals affirmed the judgment of the district court in the *Peterson* action, the *Shaffer* defendants moved to dismiss the action on the grounds that George Johnson was estopped from pursuing it because of the judgment and findings in the *Peterson* action. On February 29, 1980, Roslyn Johnson moved to reinstate her action, to consolidate her case with *Shaffer*, and to file an amended complaint instanter. Roslyn Johnson's proposed amended complaint was virtually identical to that filed by George Johnson in Federal court and that filed in the first action in 1971.

After a hearing, the trial court granted the motion to dismiss the *Shaffer* action filed by George Johnson and denied Roslyn Johnson's motions. In addition to its order, the trial court issued a supporting

memorandum opinion. In the opinion, the trial court found that the *Shaffer* action was barred under the doctrine of collateral estoppel. It further found that because Roslyn was George's privy, her action was also barred. George and Roslyn Johnson each filed a notice of appeal. Their appeals were consolidated by this court.

On appeal, George Johnson contends that the issues decided by the Federal court in the *Peterson* action were not identical to the issues presented in the *Shaffer* action because the defendants in each action were different. He therefore maintains that he is not estopped from pursuing the *Shaffer* action.

The doctrine of collateral estoppel provides that an adjudication on the merits of an issue by a court of competent jurisdiction precludes relitigation of the issue in a subsequent action. (*General Parking Corp. v. Kimmel* (1979), 79 Ill. App. 3d 883, 398 N.E.2d 1104; *Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 324 N.E.2d 78.) The doctrine is applicable where the following requirements are met:

> (1) the issue decided in the prior adjudication is identical to that presented in the action in question;
> (2) a final judgment on the merits was rendered in the prior action; and
> (3) the party against whom estoppel is asserted is the same as or in privity with a party to the prior adjudication. (*Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 7, 398 N.E.2d 9, citing *Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 899, 324 N.E.2d 78.)

Regarding the third requirement, the court in *Illinois State Chamber of Commerce* noted the trend to discard the identical parties rule. The court disapproved of *In re Hutul* (1973), 54 Ill. 2d 209, 296 N.E.2d 332, wherein identical parties were required for the application of collateral estoppel and *res judicata*, and stated that *Hutul* should not be followed on this point.

■■ Upon applying the aforementioned legal principles and considering our supreme court's explicit rejection of the identical parties rule, we find George Johnson's contention to be without merit. The mere fact that defendants in the court below were not parties to the *Peterson* action in Federal court does not preclude the application of the collateral estoppel doctrine.

We further find that the issues raised in and decided by the Federal court were identical to those presented in the action in question. The complaints filed in each action were nearly identical. In each, it was alleged that Peterson, McAlister, and Elmer Johnson manipulated the operation of IPB so that IPB's records would reflect large artificial losses. As a result, Peterson, McAlister, and Elmer Johnson could claim that IPB

was insolvent and had to be dissolved. The complaints further alleged that Peterson and McAlister made loans to IPB in return for demand notes, intending to declare a default on said notes. They then declared defaults and engaged in transactions designed to imply that IPB was being dissolved legitimately. Following the dissolution, IPB's assets were transferred to Shaffer who, in turn, transferred them to Nationwide which continued the business of IPB without interruption. The complaints further alleged that the above transactions were illegal and undertaken with the specific intent of injuring the Johnsons and depriving them of the benefits of their agreements with IPB.

■■ The Federal court found that Donald Peterson did not intentionally render IPB insolvent; that the dissolution of IPB was not the result of a conspiracy; that the evidence showed a proper business purpose behind the declaration of default and the sale of assets to new investors; that the loans made to IPB were not made in bad faith; that actions taken to salvage IPB were in substantial conformance with the law; and that George Johnson's complaint turned a business transaction "inside out" by calling it a conspiracy. We find that the issues presented in the Federal action and the action in the case at bar are identical and that the findings and judgment of the Federal court should therefore operate to bar relitigation of these issues in this case.

Roslyn Johnson contends she is not in privity with George Johnson, that therefore she is not collaterally estopped from pursuing her action, and that the trial court therefore erred in denying her motion to reinstate her action. She asks this court to order the reinstatement so that she may proceed with her action against defendants.

■■ Privity has been described in the following manner:

> "Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties. * * *" (Reinstatement of Judgments §83, comment a, at 389 (1942).)

Stated differently, a nonparty may be bound if his own interests are so closely aligned to a party's interests that the party is his virtual representative. (*United States v. ITT Rayonier, Inc.* (9th Cir. 1980), 627 F. 2d 996.) As noted previously in this opinion, collateral estoppel may be asserted against a person in privity with a party to the prior adjudication.

■■ Viewing the facts as a whole, we find that the trial court properly found that Roslyn was George Johnson's privy. As noted in the previous appeal, Roslyn's action was identical to George Johnson's action (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 130, 359 N.E.2d 171, 172.) Her proposed amended complaint was based on

identical facts and contained identical allegations of misconduct. The same event, the sale of IPB, gave rise to Roslyn and George's contractual rights in IPB, and the same acts of alleged misconduct gave rise to their actions. Thus, Rosyln and George indeed had an identity of interests in the Federal action. Furthermore, Roslyn and George Johnson were represented by the same attorneys from the time their first actions were filed in 1971. We view the failure to make Roslyn Johnson a plaintiff in Federal court as an attempt to avoid the preclusive affect of an adverse ruling in that court. To allow her to reinstate her action below would undermine the collateral estoppel rule which seeks to avoid repetitive litigation of the same issue by giving a conclusive effect to prior judgments. Thus, the trial court did not err in denying Roslyn Johnson's motion to reinstate.

For the foregoing reasons, the orders of the circuit court of Cook County are affirmed.

Orders affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.