**HARRIS TRUST AND SAVINGS BANK, Plaintiff,**

v.

**Warren F. OLSEN, Defendant.**

**No. 90 C 2329.**

United States District Court, N.D. Illinois, E.D.

July 20, 1990.

Gary I. Blackman, Robert I. Boehm, Mark D. Pearlstein, Boehm & Pearlstein, Ltd., Chicago, Ill., for plaintiff.

Jerome H. Torshen, Abigail K. Spreyer, Zoran Dragutinovich, Torshen, Schoenfield & Spreyer, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on defendant's motion for abstention or a stay of this action. For the reasons set forth below, defendant's motion is denied.

## BACKGROUND

On January 12, 1989, defendant Warren Olsen executed a guaranty of indebtedness to plaintiff Harris Trust and Savings Bank on a loan issued to Highland Partners, Inc. At the same time, Salvatore Bonnano and Gerald Finkle entered into separate, but identical guaranties with the plaintiff on the same loan. The obligation of each individual was set at $450,000.00, the total loan amount. On January 31, 1989, plaintiff loaned Highland Partners $450,000.00 pursuant to Demand Note No. 294018.

On March 6, 1990, Harris Bank sent a letter to each of the three guarantors. The letters were identical and sought payment of Demand Note No. 294018 from each of the individuals as guarantors of the loan to Highland Partners. Each of the three guarantors declined to pay the amount due on the note and this failure to pay constituted a default. As a result of this default, the plaintiff filed two lawsuits.

On April 20, 1990, plaintiff Harris Bank filed suit in the Circuit Court of Cook County, Illinois, on two of the three guaranties. The four-count state court complaint contains two counts against each of the defendants. Counts I and III are styled "Contract" counts and seek the principal amount of Demand Note No. 294018 plus interest from Bonnano and Finkle, respectively, as guarantors. Counts II and IV are designated "Attorney's Fees," and seek the expenses of collection and enforcement of the guaranty from Bonnano and Finkle, respectively.

On April 24, 1990, plaintiff Harris Bank filed the instant action against defendant Olsen in federal court. Count I of the two-count complaint is a "Contract" count and seeks the same relief from Olsen as Counts I and III of the state court action. Count II is entitled "Attorney's Fees," and seeks the same relief from Olsen as Counts II and IV of the state court complaint. With the exception of certain allegations pertaining to jurisdiction and venue, the allegations of the complaint before this court are the same as those made in the state court action against the other guarantors. In both complaints, the Harris Bank identifies itself as an Illinois corporation having its principal place of business in Chicago. Olsen is identified as a citizen of Wisconsin and Finkle and Bonnano are identified as citizens of Illinois.

In response to the plaintiff's decision to file two separate lawsuits, defendant Olsen has filed this motion requesting the court to abstain from exercising its jurisdiction. In the alternative, defendant Olsen seeks a stay of the federal court action pending the outcome of the state court proceedings. Defendant Olsen invokes the *Colorado River* doctrine in support of his request for abstention.

Defendant Olsen claims that this court should abstain from exercising its jurisdiction under the *Colorado River* doctrine "for reasons of wise judicial administration." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 812, 96 S.Ct. 1236, 1243, 47 L.Ed.2d 483 (1976). Defendant claims that this court should act to prevent "a grand waste of effort by both the courts and the parties in litigating the same issues regarding the same contract in two forums at once." Defendant's brief at 3 (quoting *Microsoftware Computer Systems v. Ontel Corp.*, 686 F.2d 531, 538 (7th Cir.1982)). Specifically, defendant Olsen contends that the threshold requirement of parallel actions is satisfied because "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1229 n. 1 (7th Cir.1979). Defendant Olsen claims that because the guaranty which is the subject of this suit is identical to the guaranties at issue in the state court suit and also relates to the same demand note at issue in the state court proceeding, the actions are parallel.

Having found the threshold requirement satisfied, defendant Olsen proceeds to analyze the discretionary factors set out by the *Colorado River* Court. Defendant Olsen asserts that because both the state and federal courts are considering the same legal issues, there is potential for piecemeal litigation, thus abstention is warranted. Defendant also claims that there exists the potential for conflicting results with respect to facially identical obligations and also the potential for double recovery.

Defendant goes on to cite other factors which he claims counsel in favor of abstention. The state court action was filed first. The source of governing law is Illinois law and this case involves no issues of federal law. Defendant also contends that the state court action will adequately protect the federal plaintiff's rights as the federal plaintiff is an Illinois corporation. Accordingly, there can be little concern of local bias against the federal plaintiff in this case. Finally, defendant claims that maintenance of this action is contrary to the policy of the federal removal statute. Defendant suggests that the claim against the federal defendant is not separate and independent from the claims against the state defendants. Thus, according to defendant Olsen, to bring a portion of the action in this court contravenes the policy underlying 28 U.S.C. 1441, subsection c, which is to narrow federal jurisdiction.

Plaintiff's Response challenges defendant's motion on several points. First, plaintiff attacks defendant's position with respect to the threshold requirement of parallel litigation. Plaintiff claims that the state and federal actions are different because each individual defendant has been sued on the individual guaranty into which he entered. Specifically, because each guarantor is potentially liable for the entire debt and each entered into an individual guaranty, plaintiff can pursue one of the defendants to the exclusion of the others. Accordingly, plaintiff argues that each guarantor occupies a distinct position with respect to plaintiff. Plaintiff next contends that defendant Olsen has provided no support for his assertion that the legal issues will be identical in both suits. Plaintiff points out that each guarantor can raise a defense to liability which may be unavailable to the others. Therefore, because distinct issues can be raised in the two suits, the federal suit is not duplicative of the state action.

Alternatively, plaintiff contends that an analysis of the discretionary factors indicates that this court should retain jurisdiction. Plaintiff argues that there is no possibility of piecemeal litigation in that each court can fully resolve the dispute before it. While admitting that the Bank can be paid only once on a debt, plaintiff asserts that obtaining three separate judgments against the three separate guarantors does not constitute piecemeal litigation. Plaintiff also points out that neither the state nor the federal suit is particularly more advanced than the other. Additionally, plaintiff contends that contrary to defendant's assertion, the absence of a federal question does not favor abstention because such a result would discriminate against diversity jurisdiction. Plaintiff concedes that the state and federal courts have concurrent jurisdiction, however, plaintiff contends that this fact alone would not overcome the federal courts' obligation to exercise jurisdiction.

## DISCUSSION

In this court's prior opinion of *J.I.K. Realty v. Steward*, No. 87 C 2839, 1989 WL 165114 (N.D.Ill. Dec. 28, 1989), we provided an elaborate summary of the current state of abstention. We noted that the general rule in such cases is that mere duplicative litigation pending in state court does not provide a sufficient reason for a federal court to abstain. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). As the Supreme Court summarized in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), this rule obtains because " 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction,' and ... the federal courts have a

'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Id.* at 15, 103 S.Ct. at 936 (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Moreover, the general rule applies even where federal jurisdiction is based solely on diversity of citizenship, which, after *Erie*, necessarily involves the federal application of purely state law. *See Meredith v. Winter Haven*, 320 U.S. 228, 236, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943) (abstention generally inappropriate in diversity cases).

This general rule is a natural by-product of the broad sphere of jurisdiction shared by federal and state courts. Where Congress has provided for the exercise of Article III jurisdiction, this jurisdiction, whatever its nature, must be exercised in the absence of extraordinary circumstances. In the average situation, then, conflicting results from duplicative litigation are to be avoided solely by operation of res judicata.

Mandatory federal jurisdiction, however, has never been the strict rule. Thus, the federal courts, in the interest of federalism, have created common law doctrines under which a federal court may abstain from deciding: (1) issues of federal constitutional law where the clarification of state law by state courts might obviate the need to reach the constitutional question; (2) issues of unclear state law which are intimately involved with the state government's "sovereign prerogative"; (3) issues necessarily involving complex state administrative procedures; and (4) issues involving federal remedies which could interfere with certain forms of ongoing state proceedings. *See, e.g., Railroad Comm'n of Tex. v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (federal constitutional law); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) (unclear state law); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1971) (state administrative procedures); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (interference with state proceedings). For a number of years, these were thought to be the exclusive grounds for a federal court's decision to abstain in favor of state proceedings of any kind.

Then, in 1976, the Supreme Court confirmed the existence of yet another abstention doctrine. In *Colorado River, supra*, the Court held that federal courts may abstain out of deference to ongoing state proceedings even in situations where neither *Pullman, Thibodaux, Burford*, nor *Younger* abstention apply, but only in exceptional circumstances. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246. Although partially grounded in principles of federalism like the other abstention doctrines, *Colorado River* abstention is primarily designed to ensure " 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Id.* at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). Although abstention among the federal courts to avoid duplicative litigation within the federal court system had been common for years, the *Colorado River* Court extended the principle to duplicative litigation occurring between federal and state courts, but within strict limitations. As the court explained:

> Given [the virtually unflagging] obligation [of the federal courts to exercise the jurisdiction given them], and in the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for [the other forms of] abstention. The former circumstances, though exceptional, do nevertheless exist.

*Id.* 424 U.S. at 818, 96 S.Ct. at 1246. Thus, the broad question presented in any *Colorado River* argument is whether exceptional circumstances are present which would warrant abstaining despite the general rule that concurrent proceedings in state and federal courts involving the same issue are, though wasteful, perfectly acceptable.

■ This Court has previously articulated the factors which have been developed both in and after the decision in *Colorado River* to aid federal courts in their quest to accurately determine when exceptional circumstances are present. They are as follows:

(a) whether the state court has assumed jurisdiction over property;

(b) the inconvenience of the federal forum;

(c) the desirability of avoiding piecemeal litigation;

(d) the order in which jurisdiction was obtained by the concurrent forums;

(e) the relative progress of the state and federal proceedings;

(f) the source of governing law;

(g) the adequacy of the state court action to protect the federal plaintiff's rights;

(h) the presence or absence of concurrent jurisdiction;

(i) the vexatious or contrived nature of the federal claim.

*Raskin, S.A. v. Datasonic Corp.*, No. 86 C 7494 slip op. at 3–4, 1986 WL 14662 (N.D. Ill. Dec. 15, 1986) (citing *Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 694–95 (7th Cir.1985)). With respect to the relationship of the factors to one another, the Supreme Court has explained, "[n]o one factor is necessarily determinative," *id.* 424 U.S. at 818, 96 S.Ct. at 1247, and "the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937.

Before the above factors are actually applied to this case, the court must assess whether duplicative or parallel litigation is actually present. This threshold factor is dispositive. *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285 (7th Cir. 1988). Thus, if there are no parallel state proceedings, *Colorado River* abstention must be rejected without even reaching the factors. *See, e.g., Crawley v. Hamilton County Comm'rs,* 744 F.2d 28, 31 (6th Cir.1984).

The courts addressing the issue of *Colorado River* abstention provide little insight on the question of what constitutes parallel litigation. However, in the case of *Moses H. Cone*, the Supreme Court provides a hint in its observation that the decision to invoke *Colorado River* ordinarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case. *Moses H. Cone*, 460 U.S. at 28, 103 S.Ct. at 9. Accordingly, the Seventh Circuit has stated: "[W]e look not for formal symmetry between the actions, but for a substantial likelihood that state litigation will dispose of all claims presented in the federal case." *Lumen*, 780 F.2d at 695. Thus, the issue is not whether there exists an identity of parties in both actions, but whether the federal defendants "may be bound" by the result in the state litigation under principles of collateral estoppel. *See, e.g., Schomber v. Jewel Cos., Inc.*, 614 F.Supp. 210, 217 (N.D.Ill.1985) (Getzendanner, J.).

■ The analysis in this case ends at the threshold issue. The state and federal suits simply are not parallel. It is quite obvious that the cases at issue here involve different defendants. While identity of parties is not dispositive, in this case it is not merely a question of the presence of additional parties in the state court proceeding, but of completely different parties in the state court proceeding; different parties who share no significant relationship with the federal court defendant. In other words, the federal defendant cannot be bound by the result in the state court proceeding under principles of res judicata.

Res judicata and collateral estoppel apply to bar the relitigation of either an entire action or a particular issue. *O'Neill v. Merrill Lynch, Pierce, Fenner & Smith,* 654 F.Supp. 347 (N.D.Ill.1987). Collateral estoppel applies to bar relitigation of an issue which was actually and necessarily litigated in a prior action by the same parties or their privies. *See Shacket v. Philco Aviation, Inc.,* 590 F.Supp. 664 (N.D.Ill. 1984). The requirements of identity of issues and privity insure that the party sought to be precluded by the earlier litiga-

tion had a full and fair opportunity to litigate the issue. *Id.* Res judicata focuses on the entire action as opposed to a particular issue and also requires that the person against whom the bar is sought to be asserted was a party or in privity with a party to the previous action. *See O'Neill,* 654 F.Supp. at 351 n. 1. Here, the parties in the two cases are neither identical nor are they in privity.

Defendant Olsen clearly is not a party to the state court action. Furthermore, Olsen is independently liable as a guarantor of Demand Note 294018 and, therefore, not in contractual privity with the state court guarantors. While the guaranty to which he is a party is identical in form to those signed by the state court defendants, the three individuals are not co-promisors on the same guaranty. Each of the three guarantors is individually liable on a separate guaranty for the full amount of the debt.

Nor are the three guarantors in "virtual privity." The Seventh Circuit as well as the Illinois courts have recognized that in certain rare situations, res judicata will apply despite the lack of privity in the traditional sense. *See, e.g., Diaz v. City of Chicago,* 601 F.Supp. 1251, 1253 (N.D.Ill. 1984) (recent trend in both state and federal courts has been to "loosen the traditional and sometimes artificial limitations on the application of res judicata and collateral estoppel"); *Illinois State Chamber of Commerce v. Pollu–Control Bd.,* 78 Ill.2d 1, 34 Ill.Dec. 334, 398 N.E.2d 9 (1979) (noting trend to discard identical parties rule). In those cases, however, the courts require the interests of the two parties to be so closely aligned that one is the "virtual representative" of the other. *See Johnson v. Nationwide Business Forms, Inc.,* 103 Ill. App.3d 631, 59 Ill.Dec. 339, 431 N.E.2d 1096 (1981).

While the cases addressing "virtual representation" do not explicitly set forth an analytical framework, the analysis in these cases focuses on two types of facts. First, the courts look to the nature of the cause of action and where the operative facts are identical, the courts are more likely to find the second party adequately represented in the first action. *See, e.g., Hartke v. Chicago Bd. of Election Commissioners,* 651 F.Supp. 86 (N.D.Ill.1986) (operative facts identical); *Johnson, supra* (same). Where the issues and remedies are also identical, the case for finding privity is stronger. *See e.g., Hartke,* 651 F.Supp. at 91. Second, the courts focus on the relationship between the two parties. The interests of the parties must be virtually identical. In other words, the alignment must be such that vigorous advocacy by the first plaintiff on his claim can be considered to have afforded the second plaintiff a full and fair opportunity to litigate his claim. The courts' analyses reflect a concern with due process. *Mullane v. Central Hanover B & T Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

The "virtual representation" doctrine cannot be applied in this case without violating due process concerns. While the defendants in both suits are related in a way relevant to the two suits, the relationship is not such that the federal defendant can be adequately represented by the state court defendants. While it is true that there exist general issues such as the legality of the guaranties which can be determined by one court and applied to all three parties, the potential exists for issues unique to each defendant. The federal defendant is liable on an independent guaranty. Consequently, the federal defendant may have defenses available to him that could not be raised by either of the state court defendants. Accordingly, the state defendants can partially but not *fully* represent the federal defendant's interests. Therefore, because we find that a judgment in the state court action could not bind the defendant in this action through collateral estoppel, the actions are not duplicative.

## CONCLUSION

We decline to abstain from exercising jurisdiction. We fail to find the *Colorado River* doctrine's threshold requirement of duplicative litigation satisfied in this case. The state court action involves separate

parties who share no privity with the federal court defendant and thus a judgment from the state court could not bind the federal defendant by virtue of res judicata. Thus, the actions are not parallel and, accordingly, defendant's motion is denied.