930 F.2d 25
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sylvester HENDERSON and Veronica Henderson, Plaintiffs/Appellants,
v.
Fred STONE, Karl Schmitt, Denise Gray, Stephen Janka, Alan
Lucas, W. Dorsch, J. Brimer, Washington Booker, James P.
Moss, Officer Ploszaj, Fred A. Ramano, Robert Maeyama, Leroy
Lerchin, Gerrald Hamilton and Gaughae, Assistant State's
Attorney, Felony review unit, Defendants/Appellees.
 No. 89-2575.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 3, 1991.*
Decided April 11, 1991.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Sylvester Henderson and his wife, Veronica, pro se, appeal the district court's grant of defendants' motion for summary judgment, dismissing plaintiffs' civil rights action pursuant to 42 U.S.C. Sec. 1983. The Hendersons allege numerous constitutional violations relating to the arrest of Sylvester, which resulted in his conviction for rape and deviant sexual assault. The district court found that, with the exception of one allegation, all of the issues that the Hendersons raise in their section 1983 claim were litigated at the suppression hearing or in the state appellate court and decided on the merits. Consequently, the district court held that those issues are barred by collateral estoppel as to both plaintiffs. The district court also held that the Hendersons' conspiracy allegation failed to raise a genuine issue for trial.
 
 
 2
 In their appellate brief, the Hendersons repeat several of the same issues guised under various constitutional provisions that they allege were neither litigated nor decided on the merits. These allegations are not supported by the record. We agree with the district court that the Illinois courts would apply collateral estoppel to all but one of the issues in this case. See Stevenson v. City of Chicago, 638 F.Supp. 136, 141 (N.D.Ill.1986).
 
 
 3
 After reviewing the decision of the district court, the briefs, and the record, we have determined that the district court properly identified and resolved the issues now before us on appeal. Therefore, we AFFIRM the decision of the district court for the reasons stated in the attached memorandum opinion.
 
 
 4
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 5
 SYLVESTER HENDERSON, et al., Plaintiffs,
 
 
 6
 vs.
 
 
 7
 FRED STONE, et al., Defendants.
 
 No. 87 C 2775
 MEMORANDUM AND ORDER
 
 8
 Plaintiffs Sylvester and Veronica Henderson (husband and wife) bring this action pursuant to 42 U.S.C. Sec. 1983 alleging that defendant police officers violated their constitutional rights in the process of arresting plaintiff Sylvester Henderson (Henderson). Defendants move for summary judgment on the grounds that certain of plaintiffs' fourteen claims are barred by collateral estoppel and, with respect to the remaining counts, plaintiffs fail to raise a triable issue. For the following reasons, we grant defendants' motion.
 
 FACTS
 
 9
 Henderson was arrested and his home searched, without a warrant, in Will County, Illinois, on September 22, 1983, in furtherance of a police investigation involving a rape which occurred in Chicago just hours before the arrest. Henderson and a co-defendant, James Sims, were charged with rape and deviate sexual assault. Following a jury trial on August 9, 1984, Henderson was found guilty of both charges and sentenced to life imprisonment under the Illinois Habitual Criminal Statute (Ill.Rev.Stat.1985, ch. 38, p 33B-1).
 
 
 10
 Both Henderson and Sims appealed their convictions to the Illinois Appellate Court, alleging the lower court incorrectly denied their motion to quash arrest and suppress evidence. The Appellate Court affirmed Henderson's conviction and sentence, People v. Sims, 166 Ill.App.3d 289, 519 N.E.2d 921, 116 Ill.Dec. 706 (1st Dist.1987), cert. denied, --- U.S. ----, 109 S.Ct. 118 (1988), and the Illinois Supreme Court denied further review. Plaintiffs subsequently instituted this present civil action.
 
 
 11
 In their second amended complaint, plaintiffs allege that Henderson was arrested on fabricated charges, without adequate investigation, without a warrant, and by police officers outside of their jurisdiction; that their home was forcefully entered and searched without a warrant; that Henderson was detained without being informed of the charges against him and held so that a case could be fabricated against him; and that the officers destroyed allegedly exculpatory evidence. (2nd am.cplt. at paragraphs 140-153.) Finally, plaintiffs allege that defendants "entered into a conspiracy with others to deprive plaintiff of equal protection and due process of law ... and failed to prevent their co-conspirators from violating plaintiff's rights" (cplt. at p 153).
 
 
 12
 All defendants[1] filed a motion for summary judgment alleging that plaintiffs' claims are either barred by collateral estoppel or fail to raise a genuine issue for trial.
 
 DISCUSSION
 I. Collateral Estoppel
 
 13
 Defendants allege that several of the grounds advanced by plaintiffs have already been decided in state court, and are thus barred by the doctrine of collateral estoppel. We first determine whether state criminal proceedings are given collateral estoppel effect in a federal civil proceeding.
 
 
 14
 In Allen v. McCurry, 449 U.S. 90 (1980), the Supreme Court held that state criminal proceedings may serve to estop federal section 1983 civil actions. The Court there stated that
 
 
 15
 ... nothing in the legislative history of Section 1983 reveals any purpose to afford less deference to judgments in state criminal proceedings than to those in state civil proceedings. There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all.
 
 
 16
 Id. at 104. A number of courts have held Sec. 1983 actions barred by prior state criminal proceedings based on Allen. See, e.g., County of Cook v. Midcon Corporation, et al., 773 F.2d 892, 898 (7th Cir.1988); Stevenson v. Illinois, 638 F.Supp. 136, 138 (N.D.Ill.1986); Lucien v. Roegner, 574 F.Supp. 118, 120 (N.D.Ill.1983).
 
 
 17
 However, a federal court will afford only the same preclusive effect to a prior state criminal proceeding that would be given by the state's own collateral estoppel standards. See, e.g., Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 375 (1985), rehr'g denied, 471 U.S. 1062 (1985), ("Under 28 U.S.C. Sec. 1738, a federal court generally is required to consider first the law of the State in which the judgment was rendered to determine its preclusive effect."); Haring et al. v. Prosise, 462 U.S. 306 (1983); County of Cook v. Midcon et al., 773 F.2d at 898 ("Generally, in determining the preclusive effect of a prior state court judgment, we give the same full faith and credit to the judgment that it would receive in the courts of the state from which the judgment emerged"). This rule is designed to "promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." Allen v. McCurry, 449 U.S. at 96. Therefore, we next examine Illinois preclusion law.
 
 
 18
 The standards for invoking collateral estoppel in Illinois are:
 
 
 19
 (1) that the issue decided in the prior adjudication be identical with the one presented in the case under review; (2) that the party against whom the estoppel is asserted was a party or in privity with a party to the prior litigation; and (3) that there has been a final judgment on the merits in the former suit. Moreover, for collateral estoppel to apply, a plaintiff must be afforded a "full and fair opportunity" to litigate.
 
 
 20
 Raper v. Hazlett & Erdal, 114 Ill.App.3d 649, 652, 449 N.E.2d 268, 270, 70 Ill.Dec. 394, 396 (1st Dist.1983) (citations omitted). See also County of Cook v. Midcon et al., 773 F.2d at 898; Whitley v. Seibel, 676 F.2d 245, 248 n. 1 (7th Cir.), cert. denied, 459 U.S. 942 (1982).
 
 
 21
 As to Sylvester Henderson, the requirements for invoking collateral estoppel appear to have been met.[2] Henderson was a party in the prior litigation, which concluded with a final judgment on the merits. Further, he had ample incentive to litigate his claim in the criminal proceeding, as was noted by Judge Hart: "Because of the potentially serious consequences of a felony conviction, a defendant in a criminal proceeding has ample incentive to fully litigate Fourth Amendment issues in the suppression hearing in hopes of excluding potentially damaging evidence." Stevenson v. City of Chicago, 638 F.Supp. at 141.
 
 
 22
 It is important to note that Henderson does not allege any form of misconduct by the Illinois Appellate Court. Rather, he chooses to argue that the court was in error as a matter of law. "As a general matter, even when issues have been raised, argued, and decided in a prior proceeding, and are therefore preclusive under state law, '[r]edetermination of [the] issues [may nevertheless be] warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.' " Haring v. Prosise, 462 U.S. at 317-18 (brackets in original), quoting Montana v. United States, 440 U.S. 147, 164 n. 11 (1979). Henderson has provided no reason to doubt the Illinois courts.
 
 
 23
 The final task is to determine if any of plaintiff's Sec. 1983 claims were decided on the merits in the earlier state court proceedings. If they were, they are barred due to the judicial concerns underlying collateral estoppel, namely, "reliev[ing] parties of the cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication." Allen v. McCurry, 449 U.S. at 94.
 
 
 24
 We find that all of the plaintiffs' claims, except for the conspiracy allegations, were decided on the merits in the various state court proceedings. At the suppression hearing, the judge ruled that entry into plaintiffs' apartment "was a consentual (sic) entry" (rec. at 124), and that "the police acted on probable cause," (id.). The result was much the same at the appellate level, People v. Sims, 166 Ill.App.3d 289, 519 N.E.2d 921, 116 Ill.Dec. 706. Specifically, the court found, inter alia, that (1) the evidence was sufficient to sustain a conviction, and any errors in admitting evidence were harmless; (2) the assertion that exculpatory evidence had been destroyed was without merit; (3) probable cause and exigent circumstances justified the warrantless arrest; (4) the officers acted quickly and reasonably, and there was no inordinate delay at which point the officers would reasonably be expected to obtain a warrant; and (5) that the Chicago police were within their authority to arrest Henderson in Will County. In short, all of Sim's repetitious claims, except for the allegation of conspiracy, were adequately decided in the state courts and are thus barred from reconsideration in this court by the Illinois doctrine of issue preclusion.
 
 
 25
 However, this does not end the collateral estoppel inquiry. Plaintiffs allege that even if Sylvester Henderson's claims are barred by collateral estoppel, the claims of co-plaintiff Veronica Henderson (Mrs. Henderson)--which are the same as Sylvester's--cannot be barred because she was not a party to his criminal proceeding. These allegedly separate claims are that Mrs. Henderson's apartment was the subject of the illegal search and that her husband was arrested without a warrant (pls. mem. at 26-30). We conclude that the elements of collateral estoppel in Illinois also bar the claims asserted by Mrs. Henderson.
 
 
 26
 The difficulty in applying collateral estoppel against Mrs. Henderson is that she was not an actual party to the prior litigation. The rule in Illinois is that the party against whom the estoppel is asserted must be "a party or in privity with a party in the prior litigation" (emphasis added); Raper v. Hazlett & Erdal, 114 Ill.App.3d at 652, 449 N.E.2d at 270, 70 Ill.Dec. at 396. "Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties." Johnson v. Nationwide Business Forms, Inc., 103 Ill.App.3d 631, 634, 431 N.E.2d 1096, 1098, 59 Ill.Dec. 339, 341 (1st Dist.1981) quoting Restatement of Judgments, Section 83, comment a, at 389 (1942). The Illinois courts have interpreted the Restatement of Judgments definition as allowing "a non-party [to] be bound if his own interests are so closely aligned to a party's interests that the party is his virtual representative." Johnson v. Nationwide Business Forms, Inc., 103 Ill.App.3d at 634, 431 N.E.2d at 1098, 59 Ill.Dec. at 341. This is an interpretation shared by the federal courts. See Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir.), appeal dismissed, 423 U.S. 809 (1975) ("a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interest as to be his virtual representative").
 
 
 27
 Legally, Sylvester Henderson was a virtual representative of his wife Veronica. For Sylvester to be considered a virtual representative, Veronica must have exercised some measure of direction or control over the prior proceedings. See, e.g., Montana v. United States, 400 U.S. 147 (1979); Gerhard v. Larsen, 517 F.2d 1127, 1134-35 (8th Cir.1975); Johnson v. Nationwide Business Forms, Inc., 103 Ill.App.3d at 634, 431 N.E.2d at 1098, 59 Ill.Dec. at 341. In general,
 
 
 28
 persons for whose benefit and at whose direction a cause of action is litigated cannot be said to be "strangers to the cause ... [o]ne who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own ... is as much bound ... as he would be if he had been a party to the record."
 
 
 29
 Montana v. United States, 440 U.S. 147, 154 (1979) (citations omitted).
 
 
 30
 And Mrs. Henderson exercised the requisite control by testifying on the subject matter of this lawsuit at both the suppression hearing (rec. at 34-53) and trial (rec. at 771-786). In the suppression hearing, the judge concluded that there was "consentual (sic) entry" based on Mrs. Henderson's testimony (rec. at 124). The trial verdict itself shows that the jury did not believe other aspects of Mrs. Henderson's testimony, and the Illinois Appellate Court affirmed. People v. Sims, 166 Ill.App.3d at 314-15, 519 N.E.2d at 938, 116 Ill.Dec. at 723.
 
 
 31
 While we recognize that Mrs. Henderson's participation was as a witness, and that therefore she did not control the proceedings as a party would, the extensive treatment given to her testimony both at trial and at the appellate level justifies foreclosing relitigation. "The question of whether a party's interests in a case are virtually representative of the interests of a nonparty is one of fact for the trial court." Aerojet-General Corp. v. Askew, 511 F.2d at 719. Here Mrs. Henderson presents no facts by which she can genuinely dispute a finding that she was a virtual representative in the state court proceedings. Although she was not a defendant in that criminal trial, she testified on behalf of her husband. The issues she addressed were the very issues presented here. She had every incentive to present her strongest arguments and her testimony was considered and rejected by the trial judge and the appellate court. We conclude that her interests were so aligned with her husband's as to make him a virtual representative in the prior proceedings for collateral estoppel purposes.
 
 
 32
 This judgment is consistent with "the modern trend of expanding" the application of collateral estoppel--to better serve the underlying policy on which the doctrine is based, i.e., that one opportunity to litigate an issue fairly and fully is enough." Raper v. Hazlett & Erdal, 114 Ill.App.3d at 652, 449 N.E.2d at 270, 70 Ill.Dec. at 396 (citations omitted). We agree with the observation of the Eighth Circuit that "[i]n this era of overcrowded dockets the courts have a positive duty to restrict needless relitigation of issues." Gerhard v. Larsen, 517 F.2d 1127, 1134 (8th Cir.1975).
 
 
 33
 Examples of virtual representation from other courts further support our decision here. In Johnson v. Nationwide Business Forms, Inc., the court found the plaintiff's wife to have been his representative in prior litigations because "the same acts of alleged misconduct [involving the contract at issue] gave rise to their actions." Id, 103 Ill.App.3d at 635, 431 N.E.2d at 1099, 59 Ill.Dec. at 342. Here, the alleged police misconduct formed the factual backdrop for the suppression hearing, the state court trial and the present civil action.
 
 
 34
 In Aerojet-General Corp. v. Askew, 511 F.2d 710 (5th Cir.1975), the court found Dade County (one of the appellees) to be a virtual representative of the state board of education because "the interests of the state boards and the County were closely aligned." Id. at 719. As shown by both her voluntary testimony on her husband's behalf in criminal court and her allegations of injury here, Veronica substantially identified with her husband's interests in the criminal proceedings.
 
 
 35
 We further note that the complaint does not specify separate damages for the alleged civil rights violation of each of the plaintiffs. Rather, the Hendersons ask for a single amount which, if awarded by a jury, would be undiminished by the fact that Sylvester Henderson was estopped individually. Allowing Mrs. Henderson to proceed with her claim would allow Sylvester Henderson to circumvent the preclusion of his claim. Thus, although our application of the virtual representative requirement of collateral estoppel is somewhat unique, it is in line with both the purposes of collateral estoppel as well as the reasoning of other courts.
 
 II. Genuine Issue of Material Fact
 
 36
 Defendants next assert that they are entitled to summary judgment on the conspiracy claim since plaintiffs fail to show a "genuine issue as to any material fact." Fed.R.Civ.P. 56(e).[3] A "material fact" is more than "the mere existence of some alleged factual dispute between the parties", Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (emphasis in original), and "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. at 252.
 
 
 37
 The non-moving party has the burden of proving that genuine issues of material fact exist.
 
 
 38
 In cases like the instant one, where the non-moving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial.
 
 
 39
 Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).[4] In sum, we hold that plaintiffs fail to isolate genuine issues of material fact.
 
 
 40
 "As to materiality, the substantive law will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. We have already determined that the issue of whether or not plaintiffs' rights were violated has been settled by the principles of collateral estoppel. Given that conclusion, the defendants could not have conspired to deprive plaintiffs of their rights since plaintiffs' rights were not violated.[5]
 
 
 41
 But even if plaintiffs' rights were violated, they cannot rest on their "allegations of a conspiracy to get to a jury without 'any significant probative evidence tending to support the complaint.' " Id. at 249, quoting First National Bank of Arizona v. Cities Services Co., 391 U.S. at 290. Plaintiffs have clearly failed this burden. In their memorandum, plaintiffs state that
 
 
 42
 [i]n paragraphs 40 thru 139 of their Second Amended Complaint, and more specifically paragraphs 53, 54, 63, 78, 80, 84, 86, 127 thru 131, 134 and 149(a), Sylvester alleges that the defendants violated his Fourteenth Amendment constitutional right and deprived him of his liberty without due process of law when, after gathering and taking into their exclusive control and possession exculpatory evidence, knowing the significance and its favorable nature for Sylvester, in that, it would have conclusively shown his non-participation in the crime and his innocence. The defendants then deliberately destroyed this evidence knowing or as reasonable men should have known, that it would conclusively prevent Sylvester from using it in the preparation and presentation of his defense, and would effectively undermine the confidence of the outcome of the truthfinding process. These allegations sufficiently state a cause of action upon which relief can be granted.
 
 
 43
 (pl.mem. at 15 (emphases added)). Plaintiffs clearly have not moved beyond the pleadings, as is required by the standards set forth by the Celotex court. The pleadings themselves set forth no documentation that defendants "knowingly" or "deliberately" acted to deny Henderson's rights and destroy his case. Defendants' motion for summary judgment is granted.
 
 CONCLUSION
 
 44
 For the foregoing reasons, defendants' motions to dismiss based on collateral estoppel, and the absence of genuine issues of material fact, are hereby granted.
 
 
 45
 /s/ JAMES B. MORAN
 
 
 46
 /s/ Judge, United States District Court
 
 
 47
 July 7, 1989.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 All defendants, with the exception of Maeyama, were party to the initial motion. And Maeyama later joined the pending summary judgment motion
 
 
 [2]
 Although no reported Illinois decision deals squarely with estoppel from a criminal to a civil proceeding (perhaps because most Sec. 1983 actions end up in federal courts), one federal court sitting in Illinois predicted that "Illinois courts would, if faced with the question, allow defensive use of collateral estoppel in a civil suit to preclude, if appropriate, relitigation of Fourth Amendment issues determined by an earlier pretrial suppression hearing in a criminal case." Stevenson v. City of Chicago, 638 F.Supp. at 141. The court based its conclusion on a variety of factors: the standards imposed on the party against whom estoppel is raised were more lenient in the prior state criminal proceeding, the requirement of mutuality is waning in Illinois (see, e.g., Illinois State Chamber of Commerce v. Pollution Control Board, 78 Ill.2d 1, 7, 398 N.E.2d 9, 11-12, 34 Ill.Dec. 334, 336-37 (1979)), and Illinois courts have shown a willingness to follow the modern trend of expanding collateral estoppel principles. We agree with this reasoning and adopt the conclusion of Stevenson
 
 
 [3]
 In full, the standard of Fed.R.Civ.P. 56(e) is as follows:
 The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
 
 
 [4]
 The Court supported this conclusion with the following analysis of various provisions of Rule 56:
 [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. On the contrary, Rule 56(c), which refers to "the affidavits, if any," suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment "with or without supporting affidavits."
 Celotex Corp. v. Catrett, 77 U.S. at 323 (emphasis in original).
 
 
 [5]
 "[I]f a Section 1983 plaintiff must show both that the arrest was illegal and that the arresting officer had no reasonable, good-faith belief in its legality, the determination that an arrest is supported by probable cause (and therefore legal) logically undercuts the Section 1983 claim." Whitley v. Seibel, 676 F.2d 245, 248 (7th Cir.1982) (parentheses in original)