BLAINE ARENDT *et al.*, Plaintiffs-Appellees, *v.* LAKE VIEW COURTS ASSOCIATES, sued as Lake View Courts Apartments, Defendant-Appellant.

Second District   No. 76-128

Opinion filed August 10, 1977.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellant.

G. William Richards, of Aurora, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiffs (sublessees) sued defendant (lessor under an original lease), upon termination of their leasehold, in small claims court to recover a $100 security deposit provided under the terms of the sublease. The trial court found for plaintiffs and defendant brought this appeal. We conclude that the provisions respecting a security deposit found in the sublease are not binding upon the original lessor and reverse the judgment of the trial court.

Defendant leased an apartment complex to Atkionar, Inc., on October 18, 1971. The provisions of the lease between defendant and Aktionar gave Aktionar the right to sublet portions of the premises and provided that, if Aktionar did not pay monthly rent within 15 days after written notice of default, defendant could terminate the lease. On March 27, 1974, while the lease between defendant and Aktionar was in full force and effect, Aktionar sublet an apartment to plaintiffs for a one-year term ending April 5, 1975. At the time of entering into this sublease plaintiffs paid to Aktionar a $100 security deposit.

On November 8, 1974, defendant served a notice of default on Aktionar. More than 15 days later defendant notified Aktionar that the lease was terminated. At no time did either Aktionar or plaintiff tender any money to defendant in the form of a security deposit.

■■ After termination of the lease between defendant and Aktionar plaintiffs continued in possession of their apartment and paid rent to defendant. Upon vacating the apartment on April 5, 1975, plaintiffs made a demand on defendant for return of the security deposit which had been paid to Aktionar. Defendant refused to comply with this demand and these proceedings were instituted. Pertinent facts were stipulated in the trial court and the trial court found that defendant was obligated to return the amount of the security deposit to plaintiffs, entering judgment accordingly.

■■ On appeal defendant argues that plaintiffs have no cause of action for money had and received because in fact no money in the form of a security deposit was either had or received by defendant. Defendant also argues that no action in contract will lie because rights (here the right to the security deposit) provided in the sublease are only binding against sublessor Aktionar and do not serve to bind defendant lessor. Plaintiffs argue that defendant, in holding itself out as a successor in interest under the lease, effected an attornment of the lease between plaintiffs as sublessees and sublessor Aktionar. Plaintiffs also argue that they have the

same right and remedy against defendant as plaintiffs had against sublessor Aktionar under the landlord and tenant provisions of Illinois law. Ill. Rev. Stat. 1973, ch. 80, par. 15.

This case cannot be characterized as an action for money had and received in view of the fact that plaintiffs do not argue that the security deposit in question was in fact had and received by defendant. Defendant has, in its second argument, correctly distilled the legal principles which govern this case. While the facts in *Wilson-Broadway Building Corp. v. Northwestern Elevated R.R. Co.* (1922), 225 Ill. App. 306, are not controlling, we do find in that case a statement of the governing principle of law as follows:

"It is well established that a subtenant or person holding possession of property by virtue of a lease from a tenant under a top lease possesses only the rights of such tenant and nothing more. [Citation.] The possession of the subtenant is that of the tenant under the top lease and the termination of such top lease *ipso facto* works a termination of a sublease. [Citations.]" (225 Ill. App. 306, 312.)

Similar statements likewise pertinent to the instant case are found in the treatises.

"[B]y consenting to a subletting, [the original lessor does not] incur any liability to the sublessee for the sublessor's breach of his agreements contained in the sublease." (49 Am. Jur. 2d *Landlord and Tenant* §508, at 488 (1970).)

"The fact that a landlord has consented that his tenant may sublet the premises does not render him liable for a breach by the tenant of his contract, where the tenant has no authority to act as his agent." 51 C.J.S. *Landlord and Tenant* §48(1)a, at 143 (1968).

There was no privity of estate or contract between plaintiffs (sublessees) and defendant (the lessor on the original lease). There is no indication in this record that defendant acquiesced in or benefited by the provisions of the sublease pertaining to the security deposit. In fact, as stated by defendant in its reply brief: "The court is here dealing with two innocent victims of Aktionar's default." Given the facts of this case, which indicate no relationship between plaintiffs and defendant respecting the terms of the sublease, it is apparent that defendant cannot be bound by the terms of a contract to which it was not a party.

Plaintiffs argue that defendant, by holding itself out as successor in interest under the lease between plaintiffs and plaintiffs' lessor (that is, by accepting rent), effected an attornment of the lease between plaintiff and Aktionar and thus became liable for the return of the security deposit. Attornment, however, as pointed out by defendant, is an act by a tenant in acknowledging his obligation to a new landlord. Plaintiffs cite *Bellows*

*v. Ziv* (1962), 38 Ill. App. 2d 342, 187 N.E.2d 265, in justification of their position. We find in *Bellows* comments indicating that if a sublessee attorns to the owner of premises the relation of landlord and tenant would continue under the term of the original tenancy, citing 51 C.J.S. *Landlord and Tenant* §48. This particular reference is, however, ambiguous and may well be a misstatement of the principles appearing at 51 C.J.S. *Landlord and Tenant* §48(1)a (1968), which we have cited and accurately framed in the discussion above. There was attornment in the case at hand, indeed, but this attornment cannot serve to bind defendant to terms of a contract (sublease) to which it was neither initially a party nor by its conduct subsequently bound.

Plaintiffs' final assertion is that Illinois law entitled them to the same remedies against defendant as plaintiffs had against their sublessor, Aktionar.

"The lessees of any lands, their assigns or personal representatives, shall have the same remedy, by action or otherwise, against the lessor, his grantees, assignees or his or their representatives, for the breach of any agreement in such lease, as such lessee might have had against his immediate lessor: Provided, this section shall have no application to the covenants against incumbrances, or relating to the title or possession of the premises demised." (Ill. Rev. Stat. 1973, ch. 80, par. 15.)

The statute describes the rights of lessees against lessors in certain circumstances. It might likewise describe the rights of sublessees (*e.g.*, plaintiffs) against sublessors (*e.g.*, Aktionar). It does not, however, describe the rights of a sublessee against a lessor. Under the statute plaintiffs are entitled to no greater rights against defendant than were enjoyed by Aktionar.

The judgment of the circuit court of Kane County is reversed.

Reversed.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.