KEYSTONE SERVICE COMPANY, a Division of C.O.L.E. Coin Operated Laundry Equipment, Plaintiff-Appellant, v. 5040-60 NORTH MARINE DRIVE CONDOMINIUM ASSOCIATION *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—2889

Opinion filed March 13, 1987.

MURRAY, J., specially concurring.

Edgar A. Blumenfeld, Ltd., of Chicago, for appellant.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellees.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Keystone Service Company (Keystone), filed a complaint for injunctive and other relief which sought to enjoin defendants, 5040-60 North Marine Drive Condominium Association (condominium) and Eugene Matanky & Associates Management Corporation (management) from terminating the lease on a laundry room Keystone operated at the condominium. Defendants first answered the complaint, then filed a motion for partial summary judgment which alleged that section 18.2 of the Condominium Property Act (Ill. Rev. Stat. 1979, ch. 30, par. 318.2) permitted defendants to terminate the lease. The trial court considered the stipulated facts of the parties and entered an order granting defendants' motion for partial summary judgment but awarded Keystone $5,400 in damages. In this appeal from that order, we must determine whether a condominium association may cancel a lease which was in existence prior to the time the Condominium Property Act was amended by section 18.2

The stipulated evidence established that on March 3, 1977, Keystone entered into a eight-year lease with the owners of the apartment building located at 5040-60 North Marine Drive. Subsequently, the building was converted into the 5040-60 North Marine Drive Condominium Association. On December 28, 1977, the declaration and bylaws for the condominium were recorded at the county recorder's office. Keystone continued to occupy the leased premises and paid rent to the condominium until February 6, 1979. On that date, condominium and management, without cause or provocation, denied Keystone access to the premises which resulted in a breach of the lease. At a special meeting of the condominium association, more than half of the unit owners, excluding the developer, voted to

cancel the existing lease agreement with Keystone pursuant to section 18.2 of the Condominium Property Act (Ill. Rev. Stat. 1979, ch. 30, par. 318.2). The trial court found:

"(a) That the Defendants' action in breaching the Lease, which is the subject matter of this litigation, was valid from the date of termination forward, notwithstanding such action was an impairment of an obligation which was lawful when made and does not constitute an impairment of contract as would be prohibited under the Illinois Constitution, Article I, Sec. 16;

(b) That the Plaintiff's damages herein is the loss to the Plaintiff of monthly net income at the rate of $450.00 per month from February 1979, the date of the breach, to the date of the termination by the Condominium Association, February 12, 1980, which sum amounts to $5,400.00. That judgment be and is entered in favor of the Plaintiff, KEYSTONE SERVICE COMPANY, a Division of C.O.L.E. Coin Operated Laundry Equipment and against the Defendants in the amount of $5,400.00, plus costs of this action; and that the Plaintiff may proceed with supplementary proceedings to enforce payment and may receive payment without waiving or releasing any rights to an appeal;

(c) That the motion of the Defendants, 5040-60 NORTH MARINE DRIVE CONDOMINIUM ASSOCIATION and EUGENE MATANKY & ASSOCIATES MANAGEMENT CORPORATION for Summary Judgment be and hereby is granted in accordance with the findings set forth herein.

(d) That the Court finds no just reason to delay the appeal or enforcement of the Order."

We shall now consider the issue presented for review, whether it was proper for the trial court to apply section 18.2 of the Condominium Property Act (Ill. Rev. Stat. 1979, ch. 30, par. 318.2) to a lease agreement that had been entered into prior to the enactment of section 18.2. The relevant portion of section 18.2 reads as follows:

"(4) ***

Any contract, lease, or other agreement made prior to the election of a majority of the board of managers other than the developer by or on behalf of unit owners, individually or collectively, the unit owners' association or the board of managers, which extends for a period of more than 2 years from the recording of the declaration, shall be subject to cancellation by more than ½ of the votes of the unit owners other

than the developer cast at a special meeting of members called for that purpose during a period of 90 days following expiration of the 2 year period. During the 90 day period the other party to the contract, lease, or other agreement shall also have the right of cancellation." Ill. Rev. Stat. 1979, ch. 30, par. 318.2.

■■ A legislative enactment cannot be given retroactive effect in the absence of a clear expression of legislative intent to do so. (*General Motors Corp., Fisher Body Division v. Industrial Com.* (1975), 62 Ill. 2d 106, 111, 338 N.E.2d 561.) In the absence of express language declaring otherwise, an amendatory act is ordinarily construed as being prospective in its operation. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034.) The legislature cannot pass a retroactive law that impairs the obligation of contracts or interferes with vested contractual rights. (*Fireside Chrysler-Plymouth Mazda, Inc. v. Chrysler Corp.* (1984), 129 Ill. App. 3d 575, 580, 472 N.E.2d 861.) A retroactive law has been defined as one that takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed. *Griffin v. City of North Chicago* (1983), 112 Ill. App. 3d 901, 904, 445 N.E.2d 827.

■ With the foregoing principles in mind, we believe that it was improper to apply section 18.2 retroactively to the lease in question since there was an absence of clear legislative intent to do so. According to the stipulated facts herein, in 1977 Keystone and the former owners of the building entered into an eight-year lease agreement which permitted Keystone to operate a laundry in the demised condominium premises. When the building was converted into a condominium the following year, Keystone attorned to the condominium and continued to operate the laundry in the apartment building. In 1979, section 18.2 was enacted. And in 1980, condominium and management terminated the lease and removed Keystone's laundry equipment from the demised premises.

The attornment did not create a new contract but continued the terms of the prior tenancy (*Bellows v. Ziv* (1962), 38 Ill. App. 2d 342, 351, 187 N.E.2d 265) which was controlled by the lease which was entered into in 1977. To apply section 18.2 of the Condominium Property Act would impair a valid contract. Section 18.2 by its terms is not subject to retroactive application.

Accordingly, the order of the circuit court of Cook County granting defendants' motion for summary judgment is reversed and the

case is remanded for further proceedings consistent with this decision.

Reversed and remanded.

LORENZ, J., concurs.

JUSTICE MURRAY*, specially concurring:
I agree with the majority, but believe it should be clearly pointed out that the 1977 attornment by plaintiff to defendant did not constitute a new agreement between the parties as contended by the defendants.

An attornment by a tenant to a new landlord is neither an assignment of the lease or a new agreement. It is merely the recognition by the tenant of a new landlord. *Arendt v. Lake View Courts Associates* (1977), 51 Ill. App. 3d 564, 366 N.E.2d 1096.

---

*Justice Mejda participated in the oral argument in this case. Justice Murray was substituted, listened to the tape of the argument and read the briefs.