CORONET INSURANCE COMPANY, Plaintiff-Appellee, v.
VINCENT TRAVERS, Defendant-Appellant.

First District (6th Division)  No. 1—95—0813

Opinion filed July 12, 1996.

John J. Henely, Ltd., of Chicago (John J. Henely and James A. Santucci, of counsel), for appellant.

Bernard W. Moltz & Associates, of Chicago (Bernard W. Moltz and Michael Yovanovich, of counsel), for appellee.

JUSTICE EGAN delivered the opinion of the court:

This is an appeal by the defendant, Vincent Travers (Travers), from an order granting judgment on the pleadings in favor of the plaintiff, Coronet Insurance Company (Coronet). The order declared that Coronet was not obliged to defend or indemnify its insured James Johnson (Johnson) in a personal injury action brought by Travers against Johnson.

On April 28, 1991, Travers was involved in a collision between his automobile and automobiles driven by Johnson and Raymond Patrick (Patrick). On May 1, 1991, Coronet notified Travers that it had been "told of an accident involving" him and Johnson and asked him to fill out an accident report. On May 20, 1991, it acknowledged receipt of the lien of Travers' attorney. Travers filed a personal injury action in the law division of the Cook County circuit court against Johnson and Patrick. (A copy of the complaint is not in the record.) It is undisputed that Coronet appeared for Johnson and represented

him for three years in that action; it filed an answer and engaged in discovery.

Sometime later in 1992, Hartford Insurance Company, as subrogee of Travers, filed a claim for property damage to Travers' vehicle against Johnson and Patrick in the first municipal district of the Cook County circuit court; the claim was numbered 92 M1 17159. Patrick also filed an action against Johnson. The record filed before us is not clear as to whether the action was for property damage or personal injury or whether it was filed in the law division or as a counterclaim in the municipal division action brought by Hartford. (The record does not contain copies of the complaint of Hartford or whatever was filed by Patrick.) A default judgment was entered against Johnson in the Patrick action. (The record does not establish when the judgment was entered.)

The municipal division action was consolidated with the personal injury action filed by Travers. (The record does not inform us when the consolidation order was entered or on whose motion.)[1]

On March 22, 1994, Coronet filed this declaratory judgment action in the chancery division of the circuit court, naming as defendants Travers, Johnson and Patrick. The complaint began by asserting that the collision between the vehicles operated by Johnson, Travers and Patrick occurred on October 24, 1991. It further alleged the following:

"5. That as a result of the aforesaid collision Vincent Travers has brought a legal action against James P. Johnson and Raymond Patrick which cause of action was filed and is now pending in consolidated case no. 92 M1 17159 but there was an original case which was 92 L 2408.

6. That the plaintiff first learned of the action that was originally embodied in Cause 92 M1 17159 after there had been service of summons upon its assured, the Defendant, James P. Johnson, and, after a judgment had been taken against him in favor of the Defendant Raymond Patrick which Raymond Patrick is now seeking to have satisfied by the Plaintiff herein.

\* \* \*

9. That by reason of the foregoing owing to the actions of James P. Johnson never informing the Coronet Insurance Company of the fact that a lawsuit had been filed against him originally in Cause 92 M1 17959 [sic] a Judgment against said party Defendant

---

[1]For reasons to be explained later, we have been required to take judicial notice of the records of the Cook County circuit court and have resolved some of the questions raised by the absence of the record in this court.

was taken and said judgment would be res judicata to any and all other pending actions against the said Defendant thereby making any efforts to defend this action moot and untenable."

The complaint asked for an order declaring that there was no coverage "for the Coronet Insurance Company to in any way indemnify for the incident of April 28, 1991," and that Coronet had no duty to defend further James P. Johnson for the incident "April 28, 1992 [sic]" and that Coronet had no duty "to indemnify for any judgment entered as a consequence of the incident of April 28, 1991."

Travers, by the attorney who also represented Hartford in the subrogation action in the municipal division, filed a motion to strike the declaratory judgment complaint on the ground that Hartford was a necessary party.

Hartford was apparently made a party, but no copy of any amended complaint is in the record either. On July 26, 1994, Hartford filed a motion for judgment on the pleadings asserting that the complaint of Coronet alleged that Coronet learned of the action in the municipal division " 'after there had been service of summons upon its insured, the defendant James P. Johnson' "; therefore, "by its own admission, Coronet learned of Hartford's action after its insured was served," and "there is no issue for this court to decide." It further alleged that the timing of the judgment in favor of Patrick had no bearing on the question of the timing of notice of Hartford's suit. It further alleged that "Coronet received notice of Hartford's suit before judgment was entered for Hartford."

On August 11, 1994, Coronet also filed a motion for judgment on the pleadings alleging that Coronet "first learned of the existence of cause 92 M1 17159 after a judgment had been entered against its assured, Johnson, and in favor of the defendant herein *Patrick*, and his subrogor, The Hartford Insurance Company." (Emphasis added.) Based on that allegation, Coronet insisted that it had "suffered a detrimental prejudice which would, as a matter of law[,] invoke a finding of noncooperation" on the part of Johnson. In a memorandum in support of its motion for judgment on the pleadings, Coronet alleged that Hartford's motion for judgment on the pleadings improperly alleged this as a fact: "Coronet received notice of Hartford's suit before Judgment was entered for Hartford." Coronet further argued that "[i]t is now uncontrovertably [sic] established that the Coronet Insurance Company first took knowledge of the existence of a Judgment against its assured and a law suit thereon after a judgment had been entered. Failure by an insured to advise the carrier of the existence of a law suit will bar coverage on the basis of noncooperation."

On August 19, 1994, the attorney for Hartford who had purportedly represented Travers on the motion for judgment on the pleadings moved to vacate any default that might have been entered against Travers. It alleged that Travers was a nominal party, that he had "no interest in this action other than his deductible interest of $200.00 paid in connection with the repair of his vehicle in the underlying accident with James Johnson, Coronet's insured." The motion further alleged that the attorney for Hartford was under the impression that Travers had retained his own attorney to represent his deductible interest in the litigation. He subsequently learned that Travers wanted him to represent his deductible interest along with Hartford's interest in the litigation.

On September 22, 1994, the law firm representing Patrick filed an appearance and an answer to the complaint. In part, the answer denied that judgment was entered in favor of Patrick and denied that Patrick was seeking to satisfy the judgment. On September 26, 1994, the law firm that was representing Travers in his personal injury action filed an appearance in his behalf in the declaratory judgment action.

In response to Coronet's motion for judgment on the pleadings, Hartford, as subrogee of Travers, again argued that Coronet had failed to plead that it did not receive notice of the lawsuit brought by Hartford against Johnson. The response alleged that "Johnson notified Plaintiff of the existence of the suits after Patrick's rights were adjudicated, but while the action brought by Hartford and Travers was pending." It argued that the "judgment taken by Patrick may have foreclosed Plaintiff's opportunity to defend Patrick's action, but it did not deprive plaintiff of the opportunity to defend the action brought by Hartford."

On October 21, 1994, Travers filed an answer to the declaratory judgment complaint either denying the allegations of the complaint or alleging that he did not have sufficient knowledge to admit or deny. On October 27, 1994, the judge issued an order denying the motion of Hartford and entering a "declaratory judgment in favor of Coronet and against Hartford as subrogee." The order said that Coronet "shall have no obligation to indemnify for the judgment entered in favor of Hartford in cause *92 M1 17159*." (Emphasis added.) Under the state of the record, no judgment had been entered in favor of Hartford in cause 92 M1 17159 as of October 27, 1994.

At the hearing on October 27, where Coronet and Hartford argued their respective motions for judgment on the pleadings, an attorney from the firm representing Travers in the personal injury action, who had also filed an appearance in Travers' behalf in the

declaratory judgment action, appeared along with the attorneys for Hartford and Coronet. The judge then recited all the pleadings that he had reviewed, and the attorney for Hartford said that the judge had reviewed "all of the pertinent pleadings." The attorney for Travers then said the following:

"Your Honor, there's one thing. As representative of Vince Travers, we just filed our answer to the declaratory judgment just like a couple of weeks ago; and with regard to this hearing, I don't know if it's going to affect us or not. But if it's going to affect our—Vince Travers' you know, rights, we would ask to adopt Hartford's response."

The judge then granted Coronet's motion for judgment on the pleadings. He said that it was "uncontrovertibly established that the Coronet Insurance Company first took knowledge of the existence of a judgment against its assured and a lawsuit thereon after a judgment had been entered. Failure by an assured to advise the carrier of the existence of a lawsuit will bar coverage on the basis of noncooperation, and I cite *Sowinski v. Ramey*, 36 Ill. App. 3d 690." The judge concluded as follows:

"[T]his Court supports the plaintiff's position that since they did not obtain knowledge of a *judgment* until after a judgment was entered, they were deprived of a fair opportunity to defend the action on the merits. Additionally, this Court agrees that the plaintiff was further prejudiced by the fact that there is a judgment with another action still pending out of the same incident and the judgment allowed to be entered by Coronet's assured's failure to notify them may well stand as *res judicata* as to the action which they are defendant and which has not yet reached the trial stage." (Emphasis added.)

The attorney for Travers then said:

"Your Honor, may I state something. Just as a note to clarify something, this motion doesn't deal with the rights of Mr. Travers in his Law Division case against Mr. Johnson because the Coronet Insurance—"

The judge then said:

"All I'm addressing is a declaratory action which has been filed here."

On December 14, 1994, Coronet filed a motion "for a Judgment as to all Defendants." That motion alleged that before the hearing began on the motions for judgment on the pleadings, Travers, through his attorney, "clearly and unquestionably adopted on the record the Motion that had been filed by Hartford Insurance Company and became a movant on the Motion and the Cross-Motion that had been filed by the Plaintiff hereto." The motion also alleged the following:

"5. That the Court in its ruling and in its decision made a clear and unquestioned finding that the Coronet Insurance Company had been prejudice [*sic*] by the actions of its assured James P. Johnson, who has already been defaulted in this cause of action for want of appearance and answer and the adverse effect endured by the Coronet Insurance Company emanates from the fact that Mr. Johnson Defendant herein allowed a Judgment to be entered against him in the same cause of action which Judgment is *Res Adjudicata*.

WHEREFORE, Coronet Insurance Company moves that this Court enter a Judgment on the record and pleadings herein and enter a Declaratory Judgment that the Coronet Insurance Company has no duty to in any further way undertake to defend James P. Johnson for the incident of April 28, 1991, in the consolidated cause of action now pending in the Circuit Court of Cook County under cause # *92 M1 17159*." (Emphasis added.)

On February 2, 1995, the attorneys for Travers and Coronet appeared for a hearing on Coronet's motion. Travers' attorney accurately pointed out that the prayer for relief in the motion asked for relief with regard to the municipal division case. The attorney for Coronet interrupted to say that Travers' attorney's statement was "completely contrary" to the position that he took on October 27 "when he completely adopted the motion as his on behalf of Mr. Travers." The attorney for Travers then said that he had made that statement with regard to the municipal division case and that had nothing to do with the law division case. The attorney for Coronet then interjected and said that "the cases are consolidated, Your Honor." The judge said that he had to "agree with Coronet." He then entered a declaratory judgment providing that "Coronet Insurance ha[d] no duty to indemnify for the judgment entered in case 92 M1 17159 which is consolidated with 94 CH 2646 (the declaratory judgment action)." At the request of the attorney for Coronet, he also added that Coronet had no further duty to defend.

The judge later denied Travers' motion to reconsider on March 2, 1995. At the hearing on that date the attorney for Coronet said the attorney for Travers had "attorned" to the motion for judgment on the pleadings filed by the attorney for Hartford.

In this court, Coronet argues, as it did in the trial court that the order should be affirmed because Travers' attorney "attorned" to Hartford's motion and because the default judgment entered in the municipal division case could be invoked as *res judicata* by Travers on the question of the negligence of Johnson in the Travers personal injury action.

■ We are frank to say that we have considerable difficulty in

understanding the impact of Coronet's argument that the attorney for Travers "attorned" to the motion of Hartford. In fact, we have considerable difficulty understanding what Coronet means. "Attorn" is defined as follows:

"To turn over; to transfer to another money or goods; to assign to some particular use or service. To consent to the transfer of a rent or reversion. To agree to become tenant to one as owner or landlord of an estate previously held of another, or to agree to recognize a new owner of a property or estate and promise payment of rent to him." Black's Law Dictionary 117 (5th Ed. 1979).

An "attornment" has also been defined as "an act by a tenant in acknowledging his obligation to a new landlord." *Arendt v. Lake View Courts Associates*, 51 Ill. App. 3d 564, 566, 366 N.E.2d 1096 (1977). If Coronet means that the attorney for Travers waived or conceded any argument at the hearing on the motions for judgment on the pleadings, we strongly disagree. He made it quite clear that he did not believe that the motions involved the personal injury action of Travers against Johnson. But if it did, he was adopting the argument of Hartford that the timing of the judgment in favor of Patrick had no bearing on the question of the timing of notice of Hartford's suit.

We turn now to the question of *res judicata*. The claim of Coronet depends entirely on *its assertion* that Coronet was never notified of the pendency of the action which resulted in the default judgment against Johnson before the judgment was entered.

■ Because the parties did not make the complaints in the Travers personal injury case or the property damage case part of the record, we have been faced with considerable confusion over what default action was entered and when. To illustrate, in its motion for judgment on the pleadings, Hartford alleged that No. 92 L 2408 was the "Patrick action." That allegation was not refuted by Coronet in its response. In this court, Coronet tells us that No. 92 L 2408 is the Travers complaint for personal injury. As a result of the confusion, we have taken judicial notice of the records of the circuit court of Cook County. Those records show that No. 92 L 2408 is the personal injury action brought by Travers against Johnson and Patrick.

The parties were unable to tell us who made any motion to consolidate, when the motions were made, what cases were consolidated and when they were consolidated. Our judicial notice of the records of the circuit court of Cook County discloses that on March 9, 1993, Judge Ian H. Levin entered an *agreed* order on the motion of *Patrick* to consolidate No. 92 M1 17159 with No. 92 L 2408 for the purpose of discovery and trial. The order alleged that all parties were "in agree-

ment" and those two cases were consolidated for the purposes of discovery and trial. That agreed order leads to the inescapable conclusion that Coronet was aware of No. 92 M1 17159 more than a year before it filed its complaint for declaratory judgment. Another thing is clear from the record that has been filed before us, however, and that is that the only default action that was entered was entered on the claim of Patrick against Johnson. The issue, therefore, is reduced to this: Does the record establish as a matter of law that the default judgment on behalf of Patrick is *res judicata* in any action brought by Travers against Johnson? To be more precise, the issue is whether the doctrine of collateral estoppel applies. Collateral estoppel is a branch of *res judicata*. See *Kramer v. Chicago Title & Trust Co.*, 69 Ill. App. 3d 1015, 387 N.E.2d 1105 (1979).

■ "Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from litigating an issue the defendant has previously litigated unsuccessfully in another action." *In re Owens*, 125 Ill. 2d 390, 397, 532 N.E.2d 248 (1988). In *In re Hutul*, 54 Ill. 2d 209, 296 N.E.2d 332 (1973), the supreme court held that collateral estoppel, like *res judicata*, was not applicable unless the parties in both actions were the same. In *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill. 2d 1, 7, 398 N.E.2d 9 (1979), the supreme court overruled *Hutul* and cited with approval cases from other jurisdictions:

> "These courts hold that the only pertinent questions for the utilization of collateral estoppel are *whether the issue decided in the prior adjudication is identical with the one presented in the suit in question*, whether there had been a final judgment on the merits, and whether the party against whom estoppel is asserted is a party or in privity with a party to the prior adjudication." (Emphasis added.)

■ Coronet recognizes these principles enunciated by the cases we have cited but concludes that the default judgment entered against Johnson "would clearly serve as an estoppel by verdict against" Johnson in Travers' personal injury claim because "both causes of action arose from precisely the same subject occurrence." We disagree with Coronet's conclusion. It is not clear to us from the record that an adjudication that Johnson was negligent in the collision between him and Patrick establishes conclusively that Johnson was negligent in a collision between him and Travers. We judge, therefore, that the record does not establish as a matter of law that Travers would be entitled to plead collateral estoppel in its action against Johnson. For that reason, we judge that the order granting judgment on the pleading to Coronet must be reversed and the cause remanded.

■ Before leaving this question, because Coronet may raise it again in the trial court, we deem it appropriate to discuss it further. Even if Coronet were able to establish that the issues in the default action were identical with the issues in Travers' personal injury action, that would not mean that Travers would have an absolute right to claim offensive collateral estoppel. In *In re Owens*, 125 Ill. 2d 390, 399, 532 N.E.2d 248 (1988), the supreme court spoke thus:

"A second argument against the unrestrained offensive use of collateral estoppel is one of fairness. If a defendant in an initial action is sued for relatively minimal damages and has no reason to foresee future suits involving the same subject matter, he may have little incentive to vigorously litigate the suit. This places him in a difficult predicament if a later suit occurs and involves potential liability infinitely larger than that involved in the first suit. Also, as pointed out in *Parklane Hosiery* [*v. Shore* 439 U.S. 322, 330, 58 L. Ed. 2d 552, 561, 99 S. Ct. 645, 651 (1979)], allowing offensive collateral estoppel may be unfair to a defendant if the judgment relied upon as a basis for collateral estoppel is itself inconsistent with one or more previous judgments in favor of the defendant, or if the second action affords the defendant procedural opportunities unavailable in the first action, opportunities that could readily cause a difference in the result obtained. [Citation.]

The above considerations indicate to us that courts must be more cautious in allowing collateral estoppel to be used offensively than in allowing it to be used defensively. In our view, in ordinary civil cases, circuit courts must have broad discretion to ensure that application of offensive collateral estoppel is not fundamentally unfair to the defendant, even though the threshold requirements for collateral estoppel are otherwise satisfied."

See also *Bulfin v. Eli Lilly & Co.*, 244 Ill. App. 3d 785, 614 N.E.2d 403 (1993).

In addition to the fact that Travers' right to raise collateral estoppel would be subject to the sound discretion of the trial judge, we point out that Travers has expressly stated that it would not raise the claim. That concession by Travers is enforceable.

Finally, we emphasize that the only claim of prejudice made by Coronet is the effect of collateral estoppel. It does not claim, nor could it, that it was prejudiced to the extent that it was unable to investigate the underlying accident and to prepare a defense in the personal injury action. Moreover, the record leaves many unanswered questions: When precisely did Coronet learn of the default action against Johnson? Did Coronet take any steps to vacate the order of default? Why did Coronet wait for more than a year to file the declaratory judgment action after learning of the existence of the

municipal division action? Did Coronet waive the right to raise any lack of cooperation on the part of Johnson in the Travers action by continuing to represent Travers in the personal injury action? See *Allstate Insurance Co. v. Keller*, 17 Ill. App. 2d 44, 149 N.E.2d 482 (1958) (insurance contract involves the public interest, and courts are not limited to considering only the rights of the insurer and the insured). All of these questions, we assume, may be answered in the subsequent proceedings in the circuit court.

The judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

ZWICK, P.J., and McNAMARA, J., concur.